[No. 42549.    En Banc.    January 24, 1974.]

C. R. WRIGHT et al., Respondents, v. J. WESLEY WOODARD et al., Appellants.

*Warren W. Russell, Prosecuting Attorney,* and *Michael Redman, Deputy,* for appellants.

*Charles C. Schmidt,* for respondents.

*Slade Gorton, Attorney General, Henry W. Wager* and *Timothy Malone, Assistants,* and *G. Keith Grim,* amici curiae.

ROSELLINI, J.—In this action brought by certain owners of real property in San Juan County, the superior court issued a writ prohibiting the treasurer of the county from collecting any taxes upon any unimproved parcels of real estate until the assessor carried out the court's mandate ordering him to classify as forest lands, under RCW 84.33, lands within the county upon which there was timber growing.

The defendants, who are the county assessor and treasurer, have appealed and contend that the court erred in mandating a discretionary act, in refusing to dismiss the action on the ground that the petitioners had failed to exhaust their administrative remedy, and in issuing an order which amounted to an injunction restraining the collection of a tax, contrary to the provisions of RCW 84.68.010.[1]

We find it necessary to discuss only one of the appellants' contentions, namely, that the court erred in taking jurisdiction of the case, because the petitioners had failed to pursue the available administrative remedy.

The act in question was passed in 1971 and provided a new method of taxing timberlands and timber. Where theretofore standing timber had been taxed as real property, under the act an excise tax was imposed on the tim-

---

[1]RCW 84.68.010 provides:

"Injunctions and restraining orders shall not be issued or granted to restrain the collection of any tax or any part thereof, or the sale of any property for the nonpayment of any tax or part thereof, except in the following cases:

"(1) Where the law under which the taxes imposed is void;

"(2) Where the property upon which the tax is imposed is exempt from taxation; . . ."

ber when cut and the land was taxed separately as "forest lands."

The purpose of the act is set forth in RCW 84.33.010(1), which reads:

(1) The public welfare requires that this state's system for taxation of timber and forest lands be modernized to assure the citizens of this state and its future generations the advantages to be derived from the continuous production of timber and forest products from the significant area of privately owned forests in this state. It is this state's policy to encourage forestry and restocking and reforesting of such forests so that present and future generations will enjoy the benefits which forest areas provide in enhancing water supply, in minimizing soil erosion, storm and flood damage to persons or property, in providing a habitat for wild game, in providing scenic and recreational spaces, in maintaining land areas whose forests contribute to the natural ecological equilibrium, and in providing employment and profits to its citizens and raw materials for products needed by everyone.

The act then refers to the difficulty of valuing and assessing timberlands, the fact that the existing tax system was unsatisfactory, and the need to modify the ad valorem system of taxation.

Under the statute, forest land, as defined therein, may be either classified (RCW 84.33.020) or designated (RCW 84.33.130). When the land has no higher or better use than as forest land and is being primarily used for the growing of timber, it is to be classified and valued at the timberland values established by the Department of Revenue (RCW 84.33.110, .120(1) and (2)). When lands being used for timber production have a higher and better use on the assessment date, they must be valued and assessed accordingly, unless the owner requests and is granted designation under RCW 84.33.130. If he succeeds in having his land designated as "forest lands," that use must be maintained or he will be required to pay a compensating tax under RCW 84.33.140. If lands are classified as forest lands by the

assessor, under RCW 84.33.120(2), no compensating tax is imposed if they are converted to another use.

The statute expressly provides (RCW 84.33.130(4)) for appeals from the assessor's refusal to designate land as forest land.

The superior court in this case found that while forest lands as defined in the statute exist in San Juan County, the assessor had not acted to classify any of the land as such. The assessor maintained in that court and maintains here that he was justified in concluding that there were no lands in San Juan County which did not have a higher and better use than that of timber growing. We need not consider the merits of this contention, inasmuch as we find that the court should not have entertained the case.

■ It is the general rule that when an adequate administrative remedy is provided, it must be exhausted before the courts will intervene. *State ex rel. Ass'n of Wash. Indus. v. Johnson*, 56 Wn.2d 407, 353 P.2d 881 (1960); *Sunny Brook Farms v. Omdahl*, 42 Wn.2d 788, 259 P.2d 383 (1953). The appellants maintain that the designation procedure provided in RCW 84.33.130 provides an adequate remedy for a landowner who feels that his land should be taxed as forest lands.

However, as the respondents point out, the remedy under this section is less than a completely satisfying one, inasmuch as land designated as forest lands is always subject to a compensating tax if it is sold for or converted to a use other than a use as forest lands; while classified lands are not subject to this penalty if the use is changed. Thus the argument runs, and the trial court found this argument persuasive, there is no administrative remedy provided for one whose lands should properly be classified as forest lands under the statutory definition, where the assessor has failed to make the classification.

In reaching this conclusion, however, the superior court appears to have overlooked the provisions of RCW 84.48.010. Under that statute the county board of equaliza-

tion has broad authority to review and adjust the valuations of property brought before it or examined on its own motion. RCW 84.48.010 provides, in the third paragraph:

[The county board of equalization] shall reduce the valuation of each tract or lot or item which in their opinion is returned above its true and fair value to such price or sum as they believe to be the true and fair value thereof.

■ In *Stimson Timber Co. v. Mason County*, 112 Wash. 603, 192 P. 994 (1920), we said that where a property owner complains of an overassessment of his land and seeks to have it reduced, the board of equalization alone has the power to afford a remedy and is the proper body before which to make complaint. *See also State ex rel. Milwaukee Land Co. v. Taylor*, 171 Wash. 352, 17 P.2d 884 (1933).

The "classification" which the respondents seek is in practical effect a reduction in the value of their land, and we are of the opinion that the authority given to the board of equalization is broad enough to permit it to review a refusal to classify land as forest lands.

Thus it is apparent that each of the respondents has an administrative remedy, and it is not denied that no attempt has been made to pursue that remedy. There is no contention or any facts advanced to indicate that the board of equalization will not act in fairness and impartiality in ruling upon any application for ,a reduction in assessed value. If any of the respondents is dissatisfied with the decision of the county board of equalization, he may appeal to the Board of Tax Appeals under RCW 84.08.130 and RCW 82.03.130(2).[2] Judicial review is provided in RCW 82.03.180.

Inasmuch as there is an adequate remedy through administrative channels, provided by statute, the court erred in entertaining this action.

---

[2]We are advised that a number of appeals have been taken to the Board of Tax Appeals, to determine whether land should be classified as forest lands under RCW 84.33, and that a significant number of these have concluded with rulings favorable to the property owner.

The judgment is reversed and the action dismissed.

HALE, C.J., FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., and LANGSDORF, J. Pro Tem., concur.