[No. 4716–1. Division One. April 3, 1978.]

PHILIP MAGRUDER, ET AL, *Appellants,* v. BELL-INGHAM SCHOOL BOARD, *Respondent.*

*Sisson, Erickson, Balas & Johnston* and *John L. Erickson,* for appellants.

*Goodman, Slater & Ostlund* and *John T. Slater,* for respondent.

FARRIS, C.J.—Pursuant to RCW 28A.58.101(2) the Bellingham School Board adopted Bellingham School District Policy No. 5101 entitled "Rules and Regulations for Students in the Bellingham Public Schools," which provides *inter alia*:

> Any student representing the school in activities and/or athletic programs must meet the dress and grooming standards deemed appropriate by the advisor or coach and administration.

On December 17, 1975, the choral teacher for Fairhaven Middle School instructed the female members of the choir that skirts or dresses were required in order to perform in the upcoming Christmas concert. The Magruders, parents of a daughter in the choir, challenged this directive.

Without discussing the matter with the teacher,[1] they complained to the school principal and later requested through their attorney that the school board change its grooming policy. They contend that the policy discriminates against their daughter solely on the basis of sex. When the school board rejected this argument, they appealed to the Superior Court pursuant to RCW 28A.88-.010. The court sustained the board's action and they appealed to this court. We dismiss the appeal.

When an adequate administrative remedy is available, it must be exhausted before courts will intervene. *Wright v. Woodard*, 83 Wn.2d 378, 518 P.2d 718 (1974); *State ex rel. Association of Washington Indus. v. Johnson*, 56 Wn.2d 407, 353 P.2d 881 (1960); *Sunny Brook Farms v. Omdahl*, 42 Wn.2d 788, 259 P.2d 383 (1953). The Bellingham School District Policy No. 5101 provides:

> *Rights of person to informal conference and formal protest—procedure prescribed.* Any pupil, parent or guardian who is aggrieved by any disciplinary action other than suspension or expulsion shall have the right to an informal conference with the school authority designated by the board of directors for such matters, for the

---

[1]Another female child in the class asked the teacher for permission to wear a pantsuit. The request was granted.

purpose of resolving the matter. At such conference the pupil, parent or guardian shall be subject to questioning by said school authority and shall be entitled to question school personnel or other persons involved. Any pupil, parent, or guardian, after exhausting this remedy, shall, upon two school days' prior notice, have the right to make a formal protest, either in writing or in person, to the board of directors at its next regular meeting. Such protests shall be heard in an open meeting unless a closed session is specifically requested by the pupil and/or his parent or guardian. The board of directors shall notify the pupil and/or his parent or guardian in writing of the decision within ten school days.

The Magruders claim that they have been aggrieved by the action of the choral director insofar as it affected their daughter's participation in the choir. School policy required that they first participate in an informal conference with the school authority designated by the board before proceeding to the school board. The record reflects that the Magruders failed to request or participate in such a conference.

The school board regulations are authorized by statute RCW 28A.58.101. Their purpose is to resolve disputes of this type simply and quickly without turning every grievance into a lawsuit. It is a reasonable and desirable provision. Courts are and should be *last* resorts in resolving simple disputes about policies of day–to–day school operations. We do not ignore the significant rights of juveniles, *see Darrin v. Gould,* 85 Wn.2d 859, 540 P.2d 882 (1975); *Tinker v. Des Moines Independent Community School Dist.,* 393 U.S. 503, 21 L. Ed. 2d 731, 89 S. Ct. 733 (1969), but school administrators and not courts should first administer school programs.

Dismissed.

JAMES and RINGOLD, JJ., concur.

Petition for rehearing denied May 31, 1978.