[No. 10434-9-I.   Division One.   August 8, 1983.]

ANTONE A. ANCICH, JR., ET AL, *Respondents,* v. LEWIS H. TURNER, JR., ET AL, *Appellants.*

488

*David S. McEachran, Prosecuting Attorney,* and *Bruce Disend, Civil Deputy,* for appellants.

*Antone A. Ancich, Jr.,* pro se.

WILLIAMS, J.—After exhausting their administrative remedies, as required by *Wright v. Woodard,* 83 Wn.2d 378, 518 P.2d 718 (1974), Antone A. and Mary B. Ancich brought suit against Whatcom County and Lewis H. Turner, Jr., the county assessor, seeking to compel Turner to restore their property to the tax rolls under the "forest land" classification. RCW 84.33. A summary judgment ordered the relief sought. Turner and the County appeal, we affirm.

In 1975, the Anciches purchased 20 acres of timberland located on the north face of Sumas Mountain in Whatcom County. Sole access to the property is by a 1.8-mile logging road. In 1977, they constructed a home there built with trees taken from the land. The home is not serviced by public sewer, telephone, electricity, or water supply. The surrounding area is occupied by wild game.

In 1979, Turner notified the Anciches that he was changing their property's tax classification from forest land to general use because building a house reduced the property's forestry below the 20-acre statutory minimum.

The public policy behind RCW 84.33 is set forth in RCW 84.33.010:

(1) The public welfare requires that this state's system

for taxation of timber and forest lands be modernized to assure the citizens of this state and its future generations the advantages to be derived from the continuous production of timber and forest products from the significant area of privately owned forests in this state. It is this state's policy to encourage forestry and restocking and reforesting of such forests so that present and future generations will enjoy the benefits which forest areas provide in enhancing water supply, in minimizing soil erosion, storm and flood damage to persons or property, in providing a habitat for wild game, in providing scenic and recreational spaces, in maintaining land areas whose forests contribute to the natural ecological equilibrium, and in providing employment and profits to its citizens and raw materials for products needed by everyone.

*See Wright v. Woodard, supra* at 379–80.

The sole question is whether the 20 acres is "forest land" within the meaning of the act. RCW 84.33.100(1) provides:

"Forest land" is synonymous with timberland and means all land in any contiguous ownership of twenty or more acres which is primarily devoted to and used for growing and harvesting timber and means the land only.

■ The Anciches argue that their forester's cottage is a valid secondary use contemplated by the Legislature when it chose to require that the land be "primarily," rather than "exclusively," devoted to growing and harvesting timber. We agree. The cabin, built from the land, has not altered the character of the area and permits the Anciches to better tend the forest. The dwelling is incidental to the Anciches' primary use of their property—growing and harvesting timber.

Affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.