OF THE

## STATE OF WASHINGTON,

AT THE

## JANUARY SESSION, 1891.

[No. 71. Decided January 12, 1891.]

## CHARLES A. MOORE v. T. R. PERROTT.

2    1
e81    306

JUSTICE OF THE PEACE — JURISDICTION — TRANSFER OF CAUSE TO
SUPERIOR COURT — SALE.

Under the constitution of the State of Washington, justices of the peace have no jurisdiction in causes in which the demand or value of the property in controversy is one hundred dollars or more.

Where the judgment of a justice of the peace rendered November 18, 1889, for an amount larger than one hundred dollars is void because of the constitutional provision (art. 4, §§ 6, 10) limiting the jurisdiction of justices to amounts less than one hundred dollars, the removal of the cause to the superior court under the form of an appeal will be treated as a compliance with art. 27, § 5, of the constitution, providing for the transfer of pending actions to the court having jurisdiction of the subject-matter.

Where defendant employs plaintiff to build him a boat for a certain price, the general property in the boat, when completed according to contract, is in the defendant, and he is liable for the contract price upon his refusal to take the boat.

*Appeal from Superior Court, Jefferson County.*

The facts are sufficiently stated in the opinion.

*John Trumbull,* and *F. A. Clark,* for appellant.

*Johnson & Moody*, for appellee.

When articles are ordered to be manufactured, they are treated as the property of the vendee when made and notice thereof given to the vendee with request to take them away. The manufacturer has then an immediate right of action for the price. 2 Suth. Dam., pp. 355–6; *Bement v. Smith*, 15 Wend. 493; *Walworth v. Pool*, 9 Ark. 400; *Ballantine v. Robinson*, 46 Pa. St. 179; *Goddard v. Binney*, 115 Mass. 450 (15 Am. Rep. 112); *Higgins v. Murray*, 4 Hare, 565.

On appeal carrying up the records and pleadings entire, a trial *de novo* by appearance and consent of all parties operated as a transfer of the cause as effectively and as impartially as any transfer that could have been made. *Lowe v. Stringham*, 14 Wis. 222; *Shuster v. Finan*, 19 Kan. 114; *Blackwood v. Jones*, 27 Wis. 498. A strong instance of waiver of irregularity is where on appeal from a court having no jurisdiction of the subject-matter to a court having general jurisdiction, the parties going to trial without objection are held bound by the judgment. Cooley, Const. Lim. (5th ed.), p. 505, note; *Randolph County v. Ralls*, 18 Ill. 29; *Wells v. Scott*, 4 Mich. 347; *Tower v. Lamb*, 6 Mich. 362.

The constitution, in vesting original jurisdiction in the superior courts in certain cases, does not prevent the legislature from giving concurrent jurisdiction in the same class of cases to justices of the peace. The exercise of exclusive jurisdiction cannot be maintained under a grant of original jurisdiction only. *Clepper v. State*, 4 Tex. 242; *Houston v. Moore*, 5 Wheat. 27; *Delafield v. Illinois*, 2 Hill, 164; *Abbott v. Knowlton*, 31 Me. 77.

The opinion of the court was delivered by

STILES, J.—This action was commenced before a justice of the peace on the 9th day of November, 1889. On the

18th day of November the justice rendered judgment against the defendant for the full amount demanded, $240. The proclamation of the president declaring the State of Washington admitted into the Union was issued November 11, 1889. From that date the provisions of the constitution were in force (Const., art. 27, § 16), and on the following Monday, November 18th, the terms of all officers began. On Monday, November 18th, therefore, when the justice of the peace rendered this judgment, his jurisdiction of the subject-matter—that is, of an action wherein the amount in controversy was $100 or more— had ceased, and he was powerless to take any further step in the case, except to transfer it to the superior court. Const., art. 4, §§ 6, 10; art. 27, § 5. We were strongly urged, upon the hearing of this cause, to hold that justices of the peace in this state still have jurisdiction of actions at law for the recovery of money or property in the sum of $300. But this does not seem to be founded in any substantial reason. Before the constitution became operative, there existed in the Territory of Washington, under the organic act, courts of justices of the peace, whose jurisdiction in certain civil cases was fixed at $300. But upon the admission of the state, as was said in *Benner v. Porter*, 9 How. 235, the territorial government was displaced and abrogated, every part of it, and no jurisdiction thereafter existed within her limits except that derived from state authority. Therefore, except for those portions of the constitution which continue in force those laws of the territory which were not repugnant to the constitution, there would have been, upon the incoming of the state, no justices' courts whatever. The justices' courts were thus continued, however, and the only matter to be decided is, whether the statute which gave them partial jurisdiction of cases involving $300 was in any manner repugnant to the constitution. The portion of that in-

strument relating to superior courts gives them original
jurisdiction in all cases in which the demand, or the value
of the property in controversy, amounts to $100, and also
jurisdiction in all cases whatever in which jurisdiction
shall not have been by law vested exclusively in some other
court.   Likewise, other sections of the same article provide
that part of the judicial power of the state shall be vested
in justices of the peace, with power in the legislature to
determine their number and prescribe their jurisdiction,
provided that such jurisdiction shall not trench upon the
jurisdiction of the superior or other courts of record.
Now, the previously existing statute stands as the action of
the legislature, and there are justices of the peace with ju-
risdiction prescribed; and the question is, whether, by con-
tinuing to take jurisdiction of cases where the demand or
value of the property in controversy is $100 or more, they
will be "trenching" upon the jurisdiction of the superior
or other courts of record.   The language of the constitu-
tion is not that the superior courts shall have exclusive
jurisdiction, but it gives to the superior courts universal
original jurisdiction, leaving the legislature to carve out
from that jurisdiction the jurisdiction of the justices of the
peace, and any other inferior courts that may be created.
Thus, justices of the peace may be given exclusive original
jurisdiction in cases where the demand or value of property
in controversy is not $100, in cases of misdemeanor, and
of other special cases and proceedings not otherwise pro-
vided for or specially enumerated as within the jurisdiction
of the superior courts.   It is the enumeration of the par-
ticular matters which are within the original jurisdiction
of the superior courts, which we interpret to mean that
those matters pertain to them exclusively.   The language
is not the clearest that could have been used; but, unless
it is so interpreted, there can be no possible force in the
restriction placed upon the legislature in its power to con-

fer jurisdiction upon justices of the peace; for, if the minor courts can have concurrent jurisdiction with the superior courts up to $300, there is not a syllable in the constitution to prevent them from having it to any amount. This is certainly not to be conceded.

What, then, was the effect of the judgment of the justice in this case? We hold it to have been null, void, and of no effect whatever. But the justice transferred the cause to the superior court, and we hold that the transfer thus made was sufficient, although accomplished under the form of an appeal. The cause was then tried in the superior court before a jury, upon the issues made before the justice. Appellant complains of the refusal of the court below to grant a nonsuit, on the ground that there was a variance between the allegations of the complaint and the proofs offered. But considering that the action was commenced in a justice court, and giving such a reasonably liberal construction of the pleadings as is allowable, and considering our statute upon the subject of variance, we are constrained to support the judgment. The contract was to build a boat for the defendant, and it was the boat that was to be paid for in the sum of $240. When completed, the general property in the boat was in the defendant (*Goddard v. Binney,* 115 Mass. 450; 15 Am. Rep. 112), and the contract price was due from him. The testimony showed the completion of the boat, and a tender of it to him. He seemed pleased with it, and took possession of it far enough to use it on the water, but then refused to take or pay for it without giving any reason. There was no question here that the boat was to be built to the satisfaction of the defendant, and the evidence clearly showed the boat to be a good one, built according to the contract. The judgment is affirmed, with costs to the appellee.

ANDERS, C. J., and DUNBAR, HOYT, and SCOTT, JJ., concur.