[No. 33298-8-I.   Division One.   December 15, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY BRENNAN, *Petitioner*.

*Kenneth R. Scearce*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Roger S. Rogoff, Deputy*, for respondent.

SCHOLFIELD, J. — This case is before the court on discretionary review of a RALJ appeal. Larry Brennan appeals the Superior Court's order affirming the District Court's conclusion that he violated the civil antiharassment protection order that the District Court issued. Brennan argues that the District Court lacked subject matter jurisdiction to issue a civil antiharassment protection order and that his conviction therefore is void. We reverse.

On January 27, 1992, the King County District Court issued a "Mutual Order for Antiharassment" that ordered Larry Brennan and his neighbor, Diane Reising, to refrain from harassing or contacting each other. The following month, Brennan was cited with violating RCW 10.14.180 based on his contact with Reising.[1] He subsequently was charged in district court with violating the antiharassment order. The complaint erroneously cited a violation of RCW 10.99.040, the domestic antiharassment statute, rather than RCW 10.14.170. The District Court nevertheless found Brennan guilty of violating the civil antiharassment protection order and RCW 10.14.170.[2]

Brennan filed a RALJ appeal in superior court, arguing that his conviction was void because he was charged with violating one statute but convicted of violating a different statute. The Superior Court held that the complaint had

---

[1]Because RCW 10.14.180 provides that the court may modify an existing civil antiharassment protection order, the citation most likely should have been to RCW 10.14.170, which reads:

"Any respondent who wilfully disobeys any civil antiharassment protection order issued pursuant to this chapter shall be guilty of a gross misdemeanor."

[2]The decision of the District Court is not in the appellate record, but the trial docket report in the correspondence file shows that Brennan was found guilty of violating RCW 10.14.170.

adequately apprised Brennan of the charge against him and affirmed the conviction.

Brennan sought discretionary review, but his motion was denied by a commissioner of this court. Brennan then filed a motion to modify the commissioner's ruling and argued for the first time that the District Court had no subject matter jurisdiction to issue a civil antiharassment protection order. Brennan did not otherwise challenge the commissioner's ruling. We granted the motion to modify, and the jurisdictional issue is now before us.

We must decide on this appeal whether the grant of original jurisdiction to superior courts over "all cases in equity" under former Const. art. 4, § 6 (amend. 65) also gave superior courts exclusive jurisdiction over "all cases in equity" so that the District Court in this case had no jurisdiction over the equitable action of issuing an antiharassment order.[3] Brennan argues that the broad language of "all cases in equity" in former Const. art. 4, § 6 (amend. 65) gave superior courts exclusive jurisdiction over all equitable proceedings, and thus the District Court lacked jurisdiction to issue the antiharassment order. He reasons that RCW 10.14.150, which grants district courts jurisdiction over any civil actions and proceedings involving antiharassment orders under RCW 10.14, violated Const. art. 4, § 10 (amend. 65), which prohibits the Legislature from "trench[ing] upon" the subject matter jurisdiction of superior courts. The State maintains that RCW 10.14.150 properly granted district courts and superior courts concurrent jurisdiction to issue civil antiharassment protection orders and that the statute does not impinge upon superior courts' jurisdiction over cases in equity.[4]

---

[3]The State concedes that issuing a civil antiharassment protection order is, at least in part, an equitable action.

[4]The State acknowledges that a challenge to subject matter jurisdiction can be raised for the first time on appeal, but it argues that Brennan may not raise that challenge for the first time through a motion to modify under RAP 17.7. We disagree. It is well established that a party may challenge a court's subject matter jurisdiction at *any* time. *See, e.g., Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 49, 738 P.2d 665 (1987); *McIntosh v. Nafziger*, 69 Wn. App. 906, 910

When the District Court issued the antiharassment order in this case, former Const. art. 4, § 6 (amend. 65) read in part as follows:

> The superior court shall have original jurisdiction in *all cases in equity* and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to three thousand dollars or as otherwise determined by law, or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; of actions of forcible entry and detainer; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate, of divorce, and for annulment of marriage; and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court[.]

(Italics ours.)

■ In addition, the Legislature has the authority under Const. art. 4, § 10 (amend. 65) to prescribe the jurisdiction of district courts as long as that jurisdiction does not "trench upon" the jurisdiction of superior courts.[5] That constitutional language has been interpreted to mean that the investing of original jurisdiction in superior courts does not prevent the Legislature from giving concurrent jurisdiction to district courts in the same class of cases. *Strenge v. Clarke*, 89 Wn.2d 23, 26, 569 P.2d 60 (1977). However, matters that are "specially enumerated" in former Const. art. 4, § 6 (amend.

---

n.4, 851 P.2d 713 (1993). Moreover, a judgment rendered by a court lacking jurisdiction is void ab initio and is legally no judgment at all. *Wesley v. Schneckloth*, 55 Wn.2d 90, 93-94, 346 P.2d 658 (1959). Thus, Brennan's challenge to the District Court's jurisdiction is properly before us.

[5]Article 4, section 10 (amendment 65) reads in part:

"The legislature shall determine the number of justices of the peace to be elected and shall prescribe by law the powers, duties and jurisdiction of justices of the peace: *Provided*, That such jurisdiction granted by the legislature shall not trench upon the jurisdiction of superior or other courts of record . . .." Under RCW 3.30.015, "justices of the peace" and "justice of the peace courts" are now district judges and district courts, respectively. *See State v. Stock*, 44 Wn. App. 467, 474 n.4, 722 P.2d 1330 (1986).

65) are not only within the original jurisdiction of superior courts, but also within their exclusive jurisdiction. *Moore v. Perrott*, 2 Wash. 1, 4-5, 25 P. 906 (1891). For those matters, the Legislature has no power to give inferior courts concurrent jurisdiction with superior courts. *See, e.g., State v. Haye*, 72 Wn.2d 461, 469, 433 P.2d 884 (1967); *State v. Schaffer*, 31 Wash. 305, 306, 71 P. 1088 (1903).

Through RCW 10.14.150, the Legislature gave district courts jurisdiction to issue civil antiharassment protection orders under RCW 10.14. The present version of the statute, which was in effect when the District Court issued the antiharassment order in this case, reads:

> The district courts shall have jurisdiction and cognizance of any civil actions and proceedings brought under this chapter. Superior courts shall have concurrent jurisdiction to receive transfer of antiharassment petitions in cases where a district court judge makes findings of fact and conclusions of law showing that meritorious reasons . . . [exist] for the transfer. The municipal and district courts shall have jurisdiction and cognizance of any criminal actions brought under RCW 10.14.120 and 10.14.170.

RCW 10.14.150.[6]

Brennan relies on *Moore* to argue that the District Court lacked jurisdiction to issue the antiharassment order and that his conviction therefore is void. *Moore* involved a breach of contract that occurred before the Washington Constitution was adopted. At that time, under the organic act, justices of the peace had subject matter jurisdiction in certain civil cases involving no more than $300. 2 Wash. at 3. Moore sued Perrott for $240, which was the value of the boat he had built pursuant to the contract. Trial commenced on November 9, 1889, before a justice of the peace. On November 18, 1889, the justice of the peace rendered a judgment against Perrott for the full amount. However, on November 11, Washington was admitted into the Union, and the provi-

---

[6]Former RCW 10.14.150 read:

"The superior courts shall have jurisdiction and cognizance of any civil actions and proceedings brought under this chapter. The municipal and district courts shall have jurisdiction and cognizance of any criminal actions brought under RCW 10.14.120 and 10.14.170."

sions, of our state constitution took effect. 2 Wash. at 3. At that time, former Const. art. 4, § 6 (amend. 65) gave superior courts original jurisdiction in all cases in which the demand or the value in controversy was $100 or more, as well as jurisdiction in all cases in which jurisdiction was not vested in any other court. 2 Wash. at 3-4. The constitution also vested judicial power in justices of the peace and authorized the Legislature to determine their jurisdiction so long as it did not trench upon the jurisdiction of superior courts. 2 Wash. at 4.

Because of those constitutional provisions, the justice of the peace in *Moore* transferred the case to superior court where it was tried de novo. The jury found in favor of Moore. On appeal, the Supreme Court was asked to decide whether justices of the peace still had jurisdiction over actions at law for the recovery of money or property in the amount of $300. 2 Wash. at 3. The court reasoned as follows:

[T]he question is, whether, by continuing to take jurisdiction of cases where the demand or value of the property in controversy is $100 or more, [the justices of the peace] will be "trenching" upon the jurisdiction of the superior or other courts of record. The language of the constitution is not that the superior courts shall have exclusive jurisdiction, but it gives to the superior courts universal original jurisdiction, leaving the legislature to carve out from that jurisdiction the jurisdiction of the justices of the peace, and any other inferior courts that may be created. Thus, justices of the peace may be given exclusive original jurisdiction in cases where the demand or value of property in controversy is not $100, in cases of misdemeanor, and of other special cases and proceedings *not otherwise provided for or specially enumerated as within the jurisdiction of the superior courts. It is the enumeration of the particular matters which are within the original jurisdiction of the superior courts, which we interpret to mean that those matters pertain to them exclusively.* The language is not the clearest that could have been used; but, unless it is so interpreted, there can be no possible force in the restriction placed upon the legislature in its power to confer jurisdiction upon justices of the peace; for, if the minor courts can have concurrent jurisdiction with the superior courts up to $300, there is not a syllable in the constitution to prevent them from having it to any amount. This is certainly not to be conceded.

(Italics ours.) 2 Wash. at 4-5. The court concluded that justices of the peace did not have jurisdiction over actions involving $100 or more.

Brennan argues that former Const. art. 4, § 6 (amend. 65) "specially enumerated" all cases in equity as being within superior courts' original jurisdiction, and therefore all cases in equity must also be within the exclusive jurisdiction of superior courts according to *Moore*. Because antiharassment actions are cases in equity, Brennan maintains that the Legislature trenched upon superior courts' exclusive jurisdiction over equitable actions by giving district courts jurisdiction over antiharassment actions through RCW 10.14.150. The State contends that *McIntosh v. Nafziger*, 69 Wn. App. 906, 911, 851 P.2d 713 (1993), dictates a contrary conclusion.

In that case, the McIntoshes petitioned the Superior Court for a civil antiharassment protection order against Bryce Nafziger. Nafziger did not contest the petition, and the Superior Court entered a 1-year civil antiharassment protection order under former RCW 10.14.080 and awarded the McIntoshes more than $10,000 in attorney fees and costs. 69 Wn. App. at 907-08, 909-10. Nafziger appealed, alleging for the first time that the superior court lacked subject matter jurisdiction to issue the antiharassment order because RCW 10.14.150 vested that jurisdiction in district courts. 69 Wn. App. at 910.

This court disagreed, initially noting that former Const. art. 4, § 6 (amend. 65) gives superior courts original jurisdiction in all cases and proceedings in which jurisdiction is not vested exclusively by law in some other court. The court reasoned that superior courts have original jurisdiction over antiharassment actions unless RCW 10.14.150 exclusively vested such jurisdiction in district courts, which the court held it did not. *McIntosh*, 69 Wn. App. at 911-12. Consequently, the court construed RCW 10.14.150 as providing district courts and superior courts with concurrent jurisdiction over civil antiharassment actions so that such actions may be brought in either court. 69 Wn. App. at 912.

Notably, the *McIntosh* court was not presented with the issue that Brennan now raises, *i.e*, whether the provision in former Const. art. 4, § 6 (amend. 65) granting original jurisdiction to superior courts in all cases in equity "specially enumerated" all such actions and, thus, caused them to be within superior courts' exclusive jurisdiction. *See Moore*, 2 Wash. at 4-5. We therefore find that *McIntosh* does not control here. The State concedes that issuing an antiharassment protection order is at least in part an action in equity, but it argues that the language "all cases in equity" in former Const. art. 4, § 6 (amend. 65) was not meant to specially enumerate all equitable proceedings. The State supports that argument by pointing out that the Legislature specially enumerated certain equitable actions in former Const. art. 4, § 6 (amend. 65), such as actions of forcible entry and detainer, and actions to prevent or abate a nuisance.

That argument is not persuasive, however, because as the Supreme Court noted in *State v. Haye*, 72 Wn.2d at 468 n.1, the initial categories of actions listed in former Const. art. 4, § 6 (amend. 28) are broad areas of law cognizable at common law, while the latter types of actions are those of a special statutory nature. There is no basis to conclude from the Legislature's specification of a few statutory equitable actions that it intended to circumscribe its broad grant of jurisdiction to superior courts over "all cases in equity". We must give that unambiguous language its clear meaning: It gave superior courts jurisdiction over *all* cases in equity. By selecting that language, the Legislature had no need to specially enumerate every possible equitable action. Hence, the term "all cases in equity" in former Const. art. 4, § 6 (amend. 65 & amend. 28) effectively granted superior courts exclusive jurisdiction over all equitable proceedings.[7]

*State v. Haye*, 72 Wn.2d 461, 433 P.2d 884 (1967) provides strong support for our conclusion. When that case was decided, RCW 46.08.190 granted justice courts and superior

---

[7]Because in *McIntosh* it was the Superior Court, rather than the District Court, that issued the antiharassment order, the ultimate outcome in that case is consistent with our conclusion here.

courts concurrent jurisdiction over violations of the motor vehicle code, which included the felony of negligent homicide and several other felonies. *Haye*, 72 Wn.2d at 465. The Supreme Court was asked to determine whether justice courts had jurisdiction to decide felony cases. 72 Wn.2d at 466. The court rejected the argument that former Const. art. 4, § 6 (amend. 28) did not specially enumerate "all criminal cases amounting to a felony" as being within superior courts' original jurisdiction and instead relied on the law stated in *Moore*. 72 Wn.2d at 467-68. The court concluded that the Legislature was without power under former Const. art. 4, § 10 (amend. 28) to confer jurisdiction over felonies to justice courts. *Haye*, 72 Wn.2d at 469. Consequently, the Legislature's attempt to give such jurisdiction to justice courts was void because it trenched upon superior courts' jurisdiction. *Haye*, 72 Wn.2d at 467, 469.

We construe the broad provision in former Const. art. 4, § 6 (amend. 65) granting original jurisdiction to superior courts over "all cases in equity" the same way that the Supreme Court in *Haye* construed the broad provision granting original jurisdiction to superior courts over "all criminal cases amounting to a felony". *See Haye*, 72 Wn.2d at 466, 469. The State's reliance on *State v. Stock*, 44 Wn. App. 467, 722 P.2d 1330 (1986) does not persuade us otherwise. Stock was convicted in superior court of first degree theft when former JCrR 2.03(d)(2) provided in part that " '[j]urisdiction vests in the superior court at the time the information is filed.' " 44 Wn. App. at 474-75. Evidence admitted at trial had been obtained through a search warrant issued by the District Court after the State filed the information in superior court. 44 Wn. App. at 473-74. On appeal, Stock argued that the evidence should have been suppressed because once the State filed the case in superior court, the District Court lost its jurisdiction over the case to issue a warrant.

The court first noted that superior courts have original jurisdiction over all felony cases under former Const. art. 4, § 6 (amend. 65). The law also provided in part that " '[t]he justice court shall have jurisdiction: . . . (2) to sit as commit-

ting magistrates and conduct preliminary hearings in cases provided by law; (3) concurrent with the superior court of a proceeding to keep the peace in their respective counties.' " *Stock*, 44 Wn. App. at 474 (quoting former RCW 3.66.060). The court concluded that district courts' concurrent jurisdiction with superior courts to issue warrants in felony cases did not trench upon superior courts' exclusive jurisdiction over felony cases. 44 Wn. App. at 474. The court agreed with the trial court's reasoning that the filing of a felony information in superior court invokes the superior court's jurisdiction over the "matters concerning the trial of the case itself" but does not deprive district courts from their jurisdiction to issue warrants. 44 Wn. App. at 475.

In this case, the District Court's authority to issue antiharassment orders under RCW 10.14.150 is essentially "the trial of the case itself" (*see Stock*, 44 Wn. App. at 475) and is not like the preliminary matter of issuing a search warrant. Thus, *Stock* is inapposite.

We hold that under former Const. art. 4, § 6 (amend. 65) superior courts had exclusive jurisdiction over the issuance of civil antiharassment protection orders, and the Legislature violated Const. art. 4, § 10 (amend. 65) by granting district courts jurisdiction to issue such orders through RCW 10.14.150. Thus, the antiharassment order issued by the District Court in this case was void ab initio because the court had no jurisdiction to issue the order. Brennan's conviction of violating that order therefore must be reversed.[8]

The order of the Superior Court is reversed.

WEBSTER and KENNEDY, JJ., concur.

---

[8]We note that former Const. art. 4, § 6 (amend. 65) was amended in 1993 to grant district courts and superior courts concurrent jurisdiction over cases in equity. Thus, district courts have had jurisdiction to issue civil antiharassment protection orders since the adoption of that amendment. Const. art. 4, § 6 (amend. 87).