[No. 73365-1.   En Banc.]

Argued July 10, 2003.    Decided September 11, 2003.

ROBERT M. HOUGH, ET AL., *Petitioners*, v. FRANK W. STOCKBRIDGE, ET AL., *Respondents*.

*Diana L. Hough* and *Robert M. Hough*, pro se.
*Frank W. Stockbridge* and *Susan Stockbridge*, pro se.

PER CURIAM — We consider here whether district courts have the equitable power to issue mutual (or reciprocal) restraining orders in the absence of a petition specifically requesting that relief. We conclude that they do.

Robert and Diana Hough petitioned the district court under chapter 10.14 RCW for an order for protection from harassment by their neighbors, Frank and Susan Stockbridge. After a hearing, the district court issued protection orders preventing either party from contacting the other, even though only the Houghs had petitioned for an order. Each order had a duration of one year. Just before the orders expired, the Houghs filed a motion to extend the protection order against the Stockbridges and to have the order against them lifted. The district court denied the motion, and both orders expired.

The Houghs appealed to superior court under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction. The superior court declared the matter moot and dismissed the appeal. The Houghs sought discretionary review at the Court of Appeals, which was granted. On review, the court held that the Houghs had failed to provide any valid reason

for extending the order against the Stockbridges, and affirmed the district court's refusal to extend that order. We agree that this is a proper result. But the court also vacated the order that had initially been entered against the Houghs, holding that a district court has no authority to issue a protection order on its own motion in the absence of a petition requesting one. We disagree.

■ A district court has power to issue mutual protection orders on its own motion. Authority to issue such orders can be found both in the state constitution and the applicable statute. In 1993, the Washington Constitution was amended to vest district courts with original jurisdiction in cases of equity. *See* WASH. CONST. art. IV, § 6 ("Superior courts and district courts have concurrent jurisdiction in cases in equity."). And an action under chapter 10.14 RCW is an action in equity. *State v. Brennan*, 76 Wn. App. 347, 349, 884 P.2d 1343 (1994).[1] The applicable statute, RCW 10.14.080(6), provides that a court granting a protection order "shall have broad discretion to grant such relief as the court deems proper." Sitting in equity, a court "may fashion broad remedies to do substantial justice to the parties and put an end to litigation." *Carpenter v. Folkerts*, 29 Wn. App. 73, 78, 627 P.2d 559 (1981) (citing *Esmieu v. Hsieh*, 92 Wn.2d 530, 535, 598 P.2d 1369 (1979)).

Because district courts have equitable powers and the statute specifically grants broad discretion to fashion relief, we hold that district courts may issue mutual protection orders even in the absence of a petition requesting that relief, as the facts of the relationship between the parties may warrant. We thus reverse the Court of Appeals insofar as it vacated the restraining order against the Houghs.

Reconsideration denied October 28, 2003.

---

[1] Under former Wash. Const. art. IV, § 6 (1977), only the superior courts were vested with equitable power. The *Brennan* court declared chapter 10.14 RCW unconstitutional because it vested equitable power in the district courts, contrary to the constitutional provision. The court did note that the 1993 constitutional amendment saved the statutory scheme, but the case before the court involved a preamendment protection order.