85 P.3d 950 (2004)
120 Wash.App. 414
Sam LEDGERWOOD and Family and Employees, Respondents,
v.
Jacqueline LANSDOWNE and Family and Employees, Appellants.
No. 21171-1-III.
Court of Appeals of Washington, Division 3, Panel Eight.
March 9, 2004.
*951 Mary E. Schultz, Attorney at Law, Spokane, WA, for Appellants.
Thomas L. Ledgerwood, Attorney at Law, Clarkston, WA, for Respondents.
SWEENEY, J.
The central question presented by this appeal is whether the Washington constitutional grant of original jurisdiction to the superior courts includes original jurisdiction of antiharassment proceedings (chapter 10.14 RCW). We conclude that it does. Although RCW 10.14.150 gives the district courts jurisdiction to consider antiharassment petitions, we conclude that this jurisdiction is not exclusive. We therefore affirm the Garfield County Superior Court's imposition of an antiharassment order on Ron Hansen, an employee of Jacqueline Lansdowne.

FACTS
Jacqueline Lansdowne owns land in Garfield County, Washington. Appellant Ron Hansen works for her. Sam Ledgerwood owns farm property on either side of the Lansdownes. The only way to move cattle from one part of his property to the other is along the road in front of the Lansdowne property. Mr. Ledgerwood's cattle drives last 8 to 10 minutes and take place 2 or 3 times a month.
On February 23, 2002, as Mr. Ledgerwood drove his cattle along the road, Mr. Hansen drove up in a pickup. He parked and turned up a radio full blast with all the doors and windows open (in the rain). And he started running a weed whacker along the side of the road. Mr. Ledgerwood and another horseman rode up and confronted Mr. Hansen. *952 Mr. Ledgerwood alleged that Mr. Hansen's sole purpose was to "spook" his cattle. This incident followed a series of similar confrontations when Mr. Ledgerwood moved his cattle along this road.
Ms. Lansdowne petitioned for an antiharassment order against Mr. Ledgerwood in the Garfield County Superior Court. The court granted a temporary ex parte order and set a hearing for March 7, 2002, to consider a permanent order. Mr. Ledgerwood also petitioned for a restraining order against Ms. Lansdowne, her family, and her employees. He served the petition on Ms. Lansdowne by mail. In an accompanying declaration, Mr. Ledgerwood identified the problem employee as "Jacky Lansdowne's Employee (Tara's Boyfriend)." Clerk's Papers (CP) at 83. Tara is Ms. Lansdowne's daughter.
At the March 7 hearing, the court heard from both sides and watched a video of the incident. Mr. Hansen identified himself as Ms. Lansdowne's employee and Tara's boyfriend. Mr. Ledgerwood testified that Tara and Ms. Lansdowne had in the past driven through the cattle blaring horns, then turned around and driven back in the other direction, doing the same thing. The cattle had run through a hole in a neighboring fence when spooked by Mr. Hansen on a earlier drive.
The court concluded that Mr. Hansen was guilty of unlawful harassment, but that he had acted outside the scope of his employment. It then issued a permanent restraining order solely against Ron Hansen. The court denied Ms. Lansdowne's petition for an antiharassment order against Mr. Ledgerwood. It also denied Mr. Ledgerwood's petition against Ms. Lansdowne provided there were no future incidents.
Mr. Hansen moved for reconsideration of the order against him. On April 18, 2002, following a hearing, the judge agreed that on March 7 Mr. Hansen had not been given sufficient notice to satisfy constitutional due process requirements. This was because the pleadings did not identify the Lansdowne employee by name. Mr. Hansen's counsel agreed, however, that Mr. Hansen had been personally served with notice of the April 18 hearing. Report of Proceedings (RP) (Apr. 18, 2002) at 6-7. To remedy the notice violation, the court continued the hearing to May 9. At that hearing, the court granted Mr. Ledgerwood's motion to amend the complaint to identify Mr. Hansen as the unnamed Lansdowne employee. The court denied Mr. Hansen's motion to dismiss the March 7 restraining order, but modified the duration of the order from permanent to one year. Mr. Hansen appeals.

DISCUSSION
SUBJECT MATTER JURISDICTION
Mr. Hansen contends that the legislature granted original jurisdiction to the district courts over antiharassment proceedings by RCW 10.14.150. Therefore, the superior court lacked jurisdiction over this proceeding.
Subject matter jurisdiction is a question of law which we review de novo. Crosby v. Spokane County, 137 Wash.2d 296, 301, 971 P.2d 32 (1999). The constitution vests the superior court with original jurisdiction "in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."WASH. CONST. art. IV, § 6. The constitution thus gives the superior courts universal original jurisdiction, from which the legislature is empowered to "carve out" the limited jurisdiction of inferior courts. Young v. Clark, 149 Wash.2d 130, 133-34, 65 P.3d 1192 (2003). But the superior court retains original jurisdiction in all cases and over all proceedings unless the legislature vests exclusive jurisdiction in another court. WASH. CONST. art. IV, § 6; Clark, 149 Wash.2d at 133, 65 P.3d 1192. The constitution also provides that the superior courts and district courts have concurrent jurisdiction over all cases founded in equity. WASH. CONST. art. IV, § 6.
We narrowly construe legislative enactments purporting to limit this broad original jurisdiction of the superior court. Burnside v. Simpson Paper Co., 123 Wash.2d 93, 98-99, 864 P.2d 937 (1994). Article IV, section 6 sets the parameters for *953 legislative pronouncements on superior court jurisdiction. Clark, 149 Wash.2d at 134, 65 P.3d 1192.
And by its plain language, the antiharassment statute does not confer exclusive jurisdiction on the district court. It is rather a legislative grant of jurisdiction to the district court to decide antiharassment petitions unless the respondent is under 18 years of age. RCW 10.14.150(1). In fact, the proceedings can be removed to the superior court if the district court judge agrees to transfer the proceedings. RCW 10.14.150(2).
Mr. Hansen argues that, by conferring original jurisdiction on the district court by RCW 10.14.150, the legislature divested the superior court of its original jurisdiction.
But his argument assumes that original jurisdiction means the same thing as exclusive original jurisdiction. It does not. Clark, 149 Wash.2d at 133-34, 65 P.3d 1192. If a court has original jurisdiction, an action may be filed there. If it has exclusive original jurisdiction, the action must be filed there and nowhere else. If a court has exclusive original jurisdiction, all that remains to any other court is appellate jurisdiction. See, e.g., Chaney v. Fetterly, 100 Wash.App. 140, 149, 995 P.2d 1284 (2000) (administrative tribunal has exclusive original jurisdiction; superior court has only appellate jurisdiction). When the legislature means exclusive original jurisdiction, it says exclusive original jurisdiction.[1]
Here, the statute provides that the superior court will receive transfer of some antiharassment cases from the district court. It must, therefore, have original jurisdiction to hear them. Contrary to Mr. Hansen's argument, this is not illogical. A plaintiff can file in district court with less expense and perhaps a less crowded docket. The defendant may transfer the matter to the superior court with the district court judge's approval. It makes sense that the plaintiff should also have the option of proceeding in the superior court in the first place.
By granting the district court jurisdiction under chapter 10.14 RCW, the legislature did not deprive the superior court of original jurisdiction. If that were the intent, the legislature would have tried to vest exclusive original jurisdiction in the district court. As explained in McIntosh v. Nafziger,[2] however, the courts do not give judicial recognition to legislative attempts to encroach upon the original jurisdiction of the superior court.
The constitutional jurisdiction of the superior court to hear all cases in equity was again affirmed after the 1993 amendment to article IV, section 6 expanded district court jurisdiction to hear cases in equity. State v. Brennan, 76 Wash.App. 347, 353, 884 P.2d 1343 (1994). By constitutionally expanding the equitable authority of district courts, the citizens of Washington did not diminish the original jurisdiction of superior courts. They remain courts of general jurisdiction.
If a court has jurisdiction over the type of controversy, "`then all other defects or errors go to something other than subject matter jurisdiction.'" Marley v. Dep't of Labor & Indus., 125 Wash.2d 533, 539, 886 P.2d 189 (1994) (quoting Robert J. Martineau, Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse, 1988 B.Y.U. L.Rev. 1, 28). We therefore read the language of RCW 10.14.150 permitting petitions to be filed in district court as expanding venue, not limiting jurisdiction. See, e.g., Shoop v. Kittitas County, 149 Wash.2d 29, 33, 65 P.3d 1194 (2003) (statute specifying county in which to file an action).
*954 We conclude that the concurrent equitable jurisdiction of the district court under the 1993 amendment to article IV, section 6 allows the legislature to permit harassment cases to be filed in the district court. But the legislature did not divest the superior court of its concurrent original jurisdiction over all cases in equity, including harassment cases. The superior court had original jurisdiction to hear this petition.
PERSONAL JURISDICTIONRON HANSEN
Mr. Hansen next contends that the court's order is void for lack of personal jurisdiction. Mr. Hansen insists that he was neither named as a party nor made a party to the proceedings. He contends that, because he was not named on Mr. Ledgerwood's original petition and was not personally served with it, the court's subsequent attempts to satisfy due process necessarily were insufficient.
Personal jurisdiction is also a question of law, which we review de novo. Subcontractors & Suppliers Collection Servs. v. McConnachie, 106 Wash.App. 738, 741, 24 P.3d 1112 (2001). We accept the court's unchallenged findings of fact as verities on appeal. Standing Rock Homeowners Ass'n v. Misich, 106 Wash.App. 231, 241, 23 P.3d 520 (2001).
Mr. Hansen does not challenge the findings that (1) all respondents were served with notice of the hearing by mail; (2) Mr. Hansen was personally served with notice of the April 18 hearing; and (3) he waived formal service in open court. CP at 20 (finding of fact 1). The court also entered findings that Mr. Hansen was a Lansdowne employee and was thus a designated respondent. CP at 20 (finding of fact 3.1). Under the superior court rules, if a plaintiff does not know the name of any defendant, "it shall be so stated in his pleading, and such defendant may be designated in any pleading or proceeding by any name, and when his true name shall be discovered, the pleading may be amended accordingly." CR 10(a)(2).
Mr. Hansen argued that a motion to identify a previously unnamed defendant operates as a stipulation that the party was not previously properly before the court. RP (May 9, 2002) at 14. But this would render CR 10(a)(2) meaningless. The court correctly ruled that Mr. Hansen was not added as a new party (RP (May 9, 2002) at 18), and entered an order naming Mr. Hansen, all pursuant to court rules. The court correctly ruled that due process was satisfied when Mr. Hansen received notice of the April 18 hearing and that the matter of the restraining order against him would be heard.
The antiharassment statute does not require personal service of the petition. It provides instead for the court, upon receipt of the petition, to set a date for hearing and arrange for the respondent to be personally served with notice. RCW 10.14.070. Alternatively, the court may enter an ex parte order, then set a later hearing. If it does so, the defendant must again be served with notice. RCW 10.14.085(1). And this is what happened here. The court was well within its power to enter the order against Mr. Hansen and arrange for him to be personally served with notice of a later hearing at which he would have the opportunity to defend. RCW 10.14.085(1).
ABUSE OF DISCRETIONRESTRAINING ORDER
Finally, Mr. Hansen challenges the court's findings that he exceeded the scope of his employment, that his actions were intended to harass Mr. Ledgerwood, and that he invited the altercation.
We review a decision to grant an injunction for abuse of discretion. Kucera v. Dep't of Transp., 140 Wash.2d 200, 209, 995 P.2d 63 (2000). In this context, an abuse of discretion involves the unreasonable or arbitrary exercise of authority or the exercise of authority based on untenable grounds. Id. This court does not weigh evidence. Standing Rock, 106 Wash.App. at 242-43, 23 P.3d 520. We will uphold the trial court's findings of fact if they are supported by substantial evidence. Id. at 243, 23 P.3d 520; Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wash.2d 169, 176, 4 P.3d 123 (2000). The trial court's findings must in turn support its conclusions of law; those we review de novo. Bingham v. Lechner, 111 Wash.App. *955 118, 127, 45 P.3d 562 (2002), review denied, 149 Wash.2d 1018, 72 P.3d 761 (2003).
The finding that Mr. Hansen exceeded the scope of his employment is superfluous. The court entered this finding to explain its decision not to enter an order against Ms. Lansdowne, Mr. Hansen's employer. Accordingly, this finding does not constitute grounds for the order against Mr. Hansen.
The findings that Mr. Hansen engaged in a continuing course of conduct intended to harass Mr. Ledgerwood, and that he invited the altercation giving rise to the proceedings are amply supported by testimony of Ms. Lansdowne, Mr. Hansen himself, and Mr. Ledgerwood.
"Unlawful harassment" means a knowing and willful course of conduct that is directed at a specific person, seriously alarms, annoys, harasses, or is detrimental to that person, and serves no legitimate purpose other than harassment. RCW 10.14.020(1). The conduct must be such as would cause a reasonable person to suffer substantial emotional distress. RCW 10.14.020(1).
The record contains ample evidence supporting the court's rejection of the claim that Mr. Ledgerwood drove his cattle for the purpose of harassing Ms. Lansdowne or Mr. Hansen. And the record includes evidence that Mr. Hansen and the Lansdownes engaged in an extended pattern of conduct intended to harass Mr. Ledgerwood and his cattle during the drives, and that a reasonable person in Mr. Ledgerwood's circumstances would be annoyed and distressed by the conduct. Mr. Ledgerwood testified that the incidents of harassment were frequent and of long standing ("about every other time we seem to move the cattle, there's something going on, started"). RP (Mar. 7, 2002) at 30.
Ms. Lansdowne asked the court to issue mutual orders restraining both parties from speaking to each other, but would not agree to refrain from running grass trimmers, blaring radios, and honking horns during the few minutes it took Mr. Ledgerwood to move his cattle past her property a couple of times a month. RP (Mar. 7, 2002) at 27-28. All of this amply supports the trial judge's exercise of discretion.
The court did not abuse its discretion. And we affirm the decision of the trial court.
WE CONCUR: BROWN, C.J., and KURTZ, J.
NOTES
[1] For example, RCW 13.04.011(2); RCW 13.04.030(1) (exclusive original jurisdiction of juvenile court over persons under age 18); RCW 13.04.030(1)(e)(v) (exclusive original jurisdiction of superior court over certain juveniles for serious violent offense); 28 U.S.C. § 1251 (1994) (original and exclusive jurisdiction of United States Supreme Court of all controversies between states, State v. Norman, 145 Wash.2d 578, 590 n. 5, 40 P.3d 1161, cert. denied, 537 U.S. 817, 123 S.Ct. 87, 154 L.Ed.2d 23 (2002)); Knestis v. Unemployment Comp. & Placement Div., 16 Wash.2d 577, 580, 134 P.2d 76 (1943) (exclusive jurisdiction of agencies to decide claims); and Avlonitis v. Seattle Dist. Court, 97 Wash.2d 131, 136-37, 641 P.2d 169, 646 P.2d 128 (1982) (municipal courts have concurrent jurisdiction with justice courts when sentencing under a state statute, but act within their exclusive original jurisdiction when enforcing municipal ordinances).
[2] McIntosh v. Nafziger, 69 Wash.App. 906, 851 P.2d 713 (1993).