IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JASON L. WATSON, | ) | No. 34025-2-III |
| Appellant, | ) | |
| v. | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| Defendant, | ) | |
| and | ) | |
| CITY OF SPOKANE, | ) | |
| Respondent. | ) | |

FEARING, C.J. — Jason Watson asks this court to rule that the City of Spokane

violated his due process rights when the City's hearing examiner summarily dismissed

his challenge to the forfeiture of $13,000 in cash seized from Watson's safe after he

admitted the cash resulted from delivering a controlled substance and after he signed a

stipulation of forfeiture. Watson also challenges the hearing examiner's subject matter

jurisdiction to render a decision. We hold that the hearing examiner possessed

jurisdiction. Because Watson presented no evidence challenging the validity of the

stipulation in opposition to the City's motion to dismiss, we affirm the dismissal of his

challenge to the forfeiture.

## FACTS

On November 13, 2014, Spokane police officers arrested Jason Watson for delivery of a controlled substance. Following Watson's transport to police headquarters and the provision of *Miranda* warnings, Watson spoke to the police. Watson informed law enforcement officers that his home's safe sheltered $13,000 in cash. He added that some, but not all, of the cash derived from drug sales. On November 13, Spokane police executed a search warrant on Watson's home and seized the currency.

Still on November 13, 2014, the Spokane Police Department delivered to Jason Watson a narcotics notice of seizure and intended forfeiture. Watson signed the notice of seizure to acknowledge his receipt. The notice informed Watson of the right to challenge the forfeiture of his cash. The notice read:

> If you would like to make a claim because this property belongs to you and/or you are an interested party, you MUST, within forty-five days of the service of this notice, notify the Spokane Police Department in writing of your claim of ownership or right to possession to the item(s) seized. Send your written claim (certified mail preferred) to: Forfeiture Claim, SPO Civil Enforcement Unit, 1100 West Mallon, Spokane, WA 99260. In your letter please identify the property you are claiming and whether you wish to request a copy of the police report documenting the seizure of the property. You will then receive notice of a hearing date.

Clerk's Papers (CP) at 15 (underlining omitted).

2

Contemporaneously with signing the notice of seizure, Jason Watson signed a

stipulation and release, which declared:

> Whereas the Spokane Police Department and the below named
> owner/claimant desire that settlement be had. [sic] It is hereby agreed to
> and stipulated by the parties that the property listed on the seizure and
> forfeiture letter dated November 13th, 2014 (Report #14-802744) shall be
> disposed of as follows:
>
> The following item will be forfeited to the City of Spokane;
> Items #13, #14 totaling $13,000.00 in US Currency.

CP at 16.

## PROCEDURE

On November 18, 2014, Jason Watson, through legal counsel, sent a letter to the

city providing notice of a claim of ownership to the $13,000. In turn, on January 15,

2015, the City of Spokane hearing examiner sent a forfeiture hearing notice to Watson

and the City, which notice scheduled a hearing on the merits for February 12, 2015.

On February 11, 2015, Jason Watson, through counsel, filed a motion to defer the

February 12 hearing due to a lack of discovery. The City initially objected. On the day

of the hearing, the City rescinded its objection to the motion to defer and filed a motion

for summary dismissal on the basis of the stipulation and release signed by Watson. The

City attached to its motion the stipulation signed by Jason Watson and the police report

3

that substantiated the seizure of the $13,000. The hearing examiner entertained the motion and took the motion to dismiss under advisement. Watson thereafter filed no affidavit or brief opposing the motion to dismiss. In a written order of February 19, 2015, the hearing examiner dismissed, pursuant to RCW 34.05.416, Watson's claim by finding that Watson forfeited the money pursuant to his stipulation. The hearing examiner noted that Watson provided no genuine defense to the validity of the stipulation and that a live hearing was not needed.

On March 20, 2015, Jason Watson petitioned the superior court for review. The superior court found the hearing examiner improperly dismissed Watson's claim of ownership because the forfeiture hearing had commenced. According to the superior court, the hearing examiner could not summarily dismiss the challenge once the merits hearing commenced. The court remanded to the hearing examiner for further proceedings.

The City of Spokane moved again to dismiss Jason Watson's challenge to the forfeiture because of the stipulation signed by Watson. Watson again supplied no affidavit presenting a factual basis for his signature on the stipulation being invalid. In an order dated July 31, 2015, the hearing examiner again dismissed Watson's claim. The examiner dismissed the challenge the second time before commencing a forfeiture

4

hearing.

Jason Watson appealed the second dismissal of his challenge to the superior court. The superior court affirmed the hearing examiner.

## LAW AND ANALYSIS

On appeal to the Court of Appeals, Jason Watson argues that the City of Spokane hearing examiner lacked subject matter jurisdiction to conduct a hearing regarding the forfeiture of his $13,000 in cash. Watson also contends that the City of Spokane violated his right to due process by dismissing his claim without a hearing to determine if his stipulation to the forfeiture was made knowingly, intelligently, and voluntarily. We address these arguments in such order.

### Hearing Examiner Subject Matter Jurisdiction

Jason Watson argues that the City hearing examiner lacked subject matter jurisdiction over his claim for return of the seized cash because the legislature solely vested jurisdiction of the claim with the superior court. We disagree.

In partial response to Jason Watson's argument, the City of Spokane notes that Watson failed to raise, before the hearing examiner and the superior court, that the examiner lacked subject matter jurisdiction. Spokane cites our general rule that precludes appellate review of issues not raised below. RAP 2.5(a). Nevertheless, contrary to

5

Spokane's argument, a party may raise subject matter jurisdiction for the first time before this court. We also observe that Jason Watson argued in support of its second appeal to the superior court that the hearing examiner lacked subject matter jurisdiction.

A party may challenge a court's subject matter jurisdiction at any time. *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 49, 738 P.2d 665 (1987); *State v. Brennan*, 76 Wn. App. 347, 349 n.4, 884 P.2d 1343 (1994). Moreover, a judgment rendered by a court lacking jurisdiction is void ab initio and is legally no judgment at all. *Wesley v. Schneckloth*, 55 Wn.2d 90, 93-94, 346 P.2d 658 (1959). A court holds subject matter jurisdiction when it has authority to adjudicate the type of controversy involved in the action. *In re Marriage of McDermott*, 175 Wn. App. 467, 480-81, 307 P.3d 717 (2013).

Under the state constitution, "[t]he judicial power of the state shall be vested in the supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide." WASH. CONST. art. IV, § 1. In turn, WASH. CONST. art. IV, § 6 states:

> . . . . The superior court shall have original jurisdiction . . . in all other cases in which the demand or the value of the property in controversy amounts to three thousand dollars. . . . The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.

Based on Washington Constitution article IV, section 6, Jason Watson contends the

6

superior court held original and exclusive subject matter jurisdiction to determine his

challenge to the forfeiture of the cash.

RCW 69.50.505 governs the seizure and forfeiture of property as a result of

criminal activity and affords a claimant of the property a hearing before a hearing

examiner. The lengthy statute declares, in part:

> (1) The following are subject to seizure and forfeiture and no property right exists in them:
> . . . .
> (g) All moneys . . . acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of this chapter [RCW 69.50, the Uniform Controlled Substances Act, chapter 69.50 RCW]. . . .
> . . . .
> (2) . . . Seizure of personal property without process may be made if:
> (a) The seizure is incident to an arrest or a search under a search warrant. . . .
> (3) In the event of seizure pursuant to subsection (2) of this section, proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized. . . .
> . . . .
> (5) If any person notifies the seizing law enforcement agency in writing of the person's claim of ownership . . . within forty-five days of the service of notice from the seizing agency in the case of personal property . . . , the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right. . . . The hearing shall be before the chief law enforcement officer of the seizing agency or the chief law enforcement officer's designee . . . , except that any person asserting a claim or right may remove the matter to a court of competent jurisdiction. . . . A hearing

7

before the seizing agency and any appeal therefrom shall be under Title 34 RCW [the Administrative Procedure Act, chapter 34.05 RCW].

Jason Watson does not argue that the city of Spokane chief of police failed to designate the hearing examiner to conduct a hearing. Watson never sought to remove his forfeiture challenge to the district or superior court.

A flaw in Jason Watson's argument lies in that Washington Constitution article IV, section 6 addresses the jurisdiction in Washington's various courts, not the power and authority of an agency to initially resolve disputes assigned by the legislature to the agency. If Watson's argument prevailed, the legislature's creation of and grant of authority to administrative agencies might end. In this appeal, the hearing examiner acted, pursuant to statute, as the adjudicator or administrative law judge for a law enforcement agency, not as a branch of Washington courts.

The doctrine of exhaustion of administrative remedies compelled Jason Watson to litigate, before the City of Spokane hearing examiner, his challenge to the validity of the forfeiture stipulation. When the law affords an adequate administrative remedy, that remedy must be exhausted before the courts will intervene. *Wright v. Woodard*, 83 Wn.2d 378, 381, 518 P.2d 718 (1974); *State ex rel. Association of Washington Industries v. Johnson*, 56 Wn.2d 407, 411, 353 P.2d 881 (1960). If the party seeking relief has an

8

administrative remedy and did not pursue the remedy before turning to the court, the trial court commits error by entertaining the action. *Wright v. Woodard*, 83 Wn.2d at 381. The exhaustion rule confirms the belief that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional expertise of judges. *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997); *South Hollywood Hills Citizens Association for Preservation of Neighborhood Safety & Environment v. King County*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984).

Despite Washington Constitution article IV, section 6, a party must exhaust his administrative remedies before seeking relief in superior court. A superior court's original jurisdiction over a claim does not relieve the court's responsibility to consider whether exhaustion should apply to the particular claim before the court. *Cost Management Services, Inc. v. City of Lakewood*, 178 Wn.2d 635, 648, 310 P.3d 804 (2013). The exhaustion doctrine has no bearing on the jurisdiction of the court in terms of the constitutional power of the court to hear a case. *Cost Management Services, Inc. v. City of Lakewood*, 178 Wn.2d at 648.

*IGI Resources, Inc. v. City of Pasco*, 180 Wn. App. 638, 325 P.3d 275 (2014) controls Jason Watson's challenge to subject matter jurisdiction. IGI Resources filed suit in superior court for a refund of taxes paid on gas delivered outside Pasco's boundaries.

9

The trial court concluded that the City's administrative procedure regarding tax refunds was inapplicable because the court had equity jurisdiction to decide a suit for money had and received. We reversed and held that IGI Resources must exhaust its administrative remedies before filing suit despite Washington Constitution, article IV, section 6's, as well as RCW 2.08.010's, grant to the superior court of original jurisdiction over actions in equity. Pasco's Municipal Code mandated a written protest stating the basis for the refund request prior to any judicial action.

RCW 69.50.505 affords an owner an administrative remedy to recover seized funds. The Administrative Procedure Act, chapter 34.05 RCW, controls the process. The Washington Constitution's grant of jurisdiction to the superior court does not undermine the need to comply with the process. After initiating the process before the hearing examiner, Jason Watson could have removed the challenge to the superior court. He ignored this option.

In support of its challenge to subject matter jurisdiction, Jason Watson cites four Washington decisions: *State v. Haye*, 72 Wn.2d 461, 433 P.2d 884 (1967); *State v. Schaffer*, 31 Wash. 305, 71 P. 1088 (1903); *Moore v. Perrot*, 2 Wash. 1, 25 P. 906 (1891); and *State v. Brennan*, 76 Wn. App. at 351 (1994). In each decision, the Washington court addressed the jurisdiction of a district court or justice of the peace in

10

the face of Washington Constitution article IV, section 6's grant of original jurisdiction to the superior court. The reviewing court did not address exhaustion of administrative remedies.

## Evidentiary Hearing

Jason Watson argues that due process required the hearing examiner to conduct a hearing in order to determine whether his forfeiture was knowing, intelligent, and voluntary. We assume his assignment of error contends that the hearing examiner should have granted him an evidentiary hearing with live testimony. We disagree. When Spokane moved for dismissal of Watson's forfeiture challenge, Watson had the opportunity to but filed no evidence to support his argument that his signature was not knowing, intelligent and voluntary. Due process does not require an evidentiary hearing when a party presents no genuine issue of material fact necessitating a trial. *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 610, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974); *Puerto Rico Aqueduct & Sewer Authority v. U.S. Environmental Protection Agency*, 35 F.3d 600, 604-06 (1st Cir. 1994); *State v. Howe*, 44 Wn. App. 559, 565, 723 P.2d 452 (1986).

The relevant text of RCW 69.50.505(5), which governs civil forfeitures, declares:

> The hearing shall be before the chief law enforcement officer of the seizing agency or the chief law enforcement officer's designee . . . , except that any person asserting a claim or right may remove the matter to a court of competent jurisdiction. . . . A hearing before the seizing agency and any

11

appeal therefore shall be under Title 34 RCW.

Pursuant to the statute, Washington courts have consistently applied the Administrative

Procedure Act to civil forfeitures. *Rozner v. City of Bellevue*, 56 Wn. App. 525, 534, 784

P.2d 537 (1990), *reversed on other grounds*, 116 Wn.2d 342, 804 P.2d 24 (1991).

We have no quarrel with Jason Watson's position that, under due process rules, he

was entitled to notice and a hearing before the City of Spokane hearing examiner

dismissed his forfeiture challenge. Nevertheless, Watson fails to recognize that the City

of Spokane hearing examiner twice afforded him a hearing on the motion to dismiss.

Although Spokane filed its first motion to dismiss on the same day as the first hearing,

Watson should have then been prepared to address the merits of his challenge. More

importantly, the hearing examiner withheld a ruling for more than a week. In the

meantime, Watson failed to file any affidavit or brief opposing Spokane's motion to

dismiss and requested no additional time to file either or both. Without evidence

contravening the validity of his signature, Spokane was entitled to summary dismissal of

the challenge.

The Washington Administrative Procedure Act does not expressly authorize

summary judgments, but case law establishes that agencies may employ summary

proceedings. *ASARCO Inc. v. Air Quality Coalition*, 92 Wn.2d 685, 697, 601 P.2d 501

12

(1979); *Alpine Lakes Protection Society v. Department of Natural Resources*, 102 Wn. App. 1, 13, 979 P.2d 929 (1999); *Eastlake Community Council v. City of Seattle*, 64 Wn. App. 273, 276, 823 P.2d 1132 (1992). Since Washington Constitutional article IV and the Superior Court Civil Rules do not exclusively reserve summary procedures to the judiciary, no logic compels the courts to block the use of efficient judicial procedures in the field of administrative law. *ASARCO Inc. v. Air Quality Coalition*, 92 Wn.2d at 696-97. If no genuine issue of material fact exists, no reason prevents an administrative board or agency an opportunity to handle the matter summarily. *ASARCO Inc. v. Air Quality Coalition*, 92 Wn.2d at 696-97. Therefore, unless a party exhibits an issue of fact, an administrative agency may resolve a case summarily.

The filing of an affidavit may be essential to creating an issue of material fact. In three foreign decisions, the reviewing courts rejected a party's contention that he created an issue of material fact before an administrative agency such that the agency should have granted him an evidentiary hearing. In *Cano v. Village of Dolton*, 250 Ill. App. 3d 130, 620 N.E.2d 1200, 189 Ill. Dec. 883 (1993), the reviewing court denied an appeal from a Human Rights Commission summary dismissal of a challenge because the appellant failed to file a sworn affidavit. In *Smith v. St. Regis Corp.*, 850 F. Supp. 1296 (S.D. Miss. 1994), *aff'd*, 48 F.3d 531 (5th Cir. 1995), the federal district court affirmed a

13

summary judgment order entered by the National Labor Relations Board because the party opposing the order failed to demonstrate by affidavit that a genuine issue of material fact existed in spite of the board's finding. Finally, in *Martinez-Zelaya v. Immigration & Naturalization Service*, 841 F.2d 294 (9th Cir. 1988), our home federal circuit denied a petition for review of the Board of Immigration Appeals' summary dismissal of her appeal from an order finding her deportable. She claimed without filing any affidavit or brief that her attorney at an earlier hearing lacked authority to represent her and to concede deportability.

Washington courts may look to federal law to supplement state forfeiture proceedings law. *Rozner v. City of Bellevue*, 56 Wn. App. at 533 (1990). In *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78 (2d Cir. 2011), the United States District Court dismissed Alon Wallach's challenge to the forfeiture of communication jamming devices on the basis that Wallach signed a stipulation renouncing the right to contest the forfeiture. On appeal, Wallach argued he signed the stipulation under duress and without consideration. At the time of signing, the government investigated Wallach's company for violation of restrictions on exporting military equipment. In an answer to the government's complaint seeking forfeiture, Wallach alleged that he signed the stipulation because the government held him against his will for four months and he

14

lacked any other choice but to sign or face a baseless charge. He also claimed that his attorney warned him that the government would increase charges against him if he did not sign. The government filed a motion to strike Wallach's answer or, in the alternative, for summary judgment in its favor. The government attached, to its motion, Wallach's stipulation and a later letter to Immigration and Custom Enforcement officials stating he would not challenge the forfeiture. In response to the motion, Wallach filed an affidavit, in which he repeated his allegations that he signed the stipulation under duress and he added that he wore an electronic monitoring bracelet and the government held his passport at the time he signed. The Circuit Court of Appeals affirmed summary dismissal of Wallach's challenge to the forfeiture.

In our appeal, Jason Watson did not even file an affidavit. He conceded he signed the stipulation. A party, who has affixed his signature to a document, will not be permitted to urge that he did not read it or that he was ignorant of its contents. *Timm v. Hart*, 59 Wn.2d 538, 542, 368 P.2d 715 (1962). A signed waiver is usually strong proof of the validity of that waiver. *State v. Woods*, 34 Wn. App. 750, 759, 665 P.2d 895 (1983). Although he may have argued before the hearing examiner that he did not voluntarily sign the stipulation, he supplied no evidence on which he claimed a lack of voluntariness. He provided no evidence of a lack of understanding as to the meaning of

15

the stipulation language that modestly stated that he forfeited the $13,000 to the City of Spokane.

Even if Jason Watson established his signature on the stipulation to be void, the City of Spokane may keep the cash if the money results from sales of controlled substances. RCW 69.50.505(1)(g). In support of its motion to dismiss, Spokane provided evidence of probable cause to seize the $13,000 in cash. Watson has never argued, let alone supplied evidence, that Spokane law enforcement lacked probable cause to seize the money. He has never contravened that he reaped the money from drug sales.

The hearing examiner based its decision to deny an evidentiary hearing on RCW 34.05.416. The statute allows an administrative agency to deny an applicant an adjudicative hearing if the agency provides a written decision. We disagree with the hearing examiner's analysis. The statute refers to an "adjudicative hearing," not an "evidentiary hearing." We conclude that the hearing examiner afforded Jason Watson an adjudicative hearing, since Watson received an opportunity to challenge the motion to dismiss. A reviewing court may affirm on any grounds established by the pleadings and supported by the record. *In re Marriage of Rideout*, 150 Wn.2d 337, 358, 77 P.3d 1174 (2003); *Truck Insurance Exchange v. VanPort Homes, Inc.*, 147 Wn.2d 751, 766, 58 P.3d 276 (2002).

16

CONCLUSION

We affirm the superior court's dismissal of Jason Watson's appeal from the City

of Spokane hearing examiner.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

17