127 P.3d 1 (2005)
131 Wash.App. 158
Dale MORRISON and Shirley Morrison, husband and wife; Bruce Hockaday and Betty Hockaday, husband and wife; William J. Robbins, a single man; and John Does and Jane Does I-X, Respondents,
v.
BASIN ASPHALT CO., a Washington corporation; Superior Asphalt & Concrete Co., a Washington corporation; Superior Paving Co.; a Washington corporation; Transtate Asphalt Co., a Washington corporation; Transtate Paving Co., a Washington corporation; and John Does and Jane Does I-X, Appellants.
No. 23568-8-III.
Court of Appeals of Washington, Division Three.
November 1, 2005.
Publication Ordered and Reconsideration Denied January 24, 2006.
*2 Gary Edward Lofland, Attorney at Law, Yakima, WA, for Appellants.
John William O'Leary, Attorney at Law, Kennewick, WA, for Respondents.
KATO, C.J.
¶ 1 Employees of Basin Asphalt, Superior Asphalt, Superior Paving, Transtate Asphalt, and Transtate Paving brought suit to receive the prevailing wage for delivery and load time. They asserted the employers' failure to pay was a willful and intentional deprivation of wages, thus entitling them to damages, fees, and costs. The employers responded there was a bona fide dispute over the wage to be paid for delivery and load time and its failure to pay the prevailing wage was neither willful nor intentional. On cross motions for summary judgment, the court granted judgment for the employees and awarded damages as well as fees and costs. The employers appeal. We reverse.
¶ 2 Dale Morrison and others (the employees) worked for Basin Asphalt, Superior Asphalt, Superior Paving, Transtate Asphalt, and Transtate Paving (the employers). The employees were truck drivers who delivered materials to public works projects. They received the prevailing wage rate for the time they spent at the work site, but not for delivery and load time.
¶ 3 Washington's Prevailing Wage Act, chapter 39.12 RCW, requires that workers be paid the prevailing wage on all public works projects. RCW 39.12.020. The Department of Labor and Industries adopted a regulation requiring employers to pay the prevailing wage to workers when they deliver materials to the public works site and participate in the incorporation of the material into the project. WAC 296-127-018. Courts ruled that the regulation required employers to pay the prevailing wage for the entire delivery cycleloading, driving, delivery on site, and the return trip. Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus., 84 Wash.App. 401, 410, 929 P.2d 1120 (1996) (Superior 1), review denied, 132 Wash.2d 1009, 940 P.2d 654 (1997); Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus., 112 Wash.App. 291, 49 P.3d 135 (2002) (Superior 2), review denied, 149 Wash.2d 1003, 70 P.3d 964 (2003).
¶ 4 On May 28, 2003, the employees sued the employers and claimed they were entitled to the prevailing wage rate for the delivery of materials to public works sites and for load time. They also sought exemplary damages under RCW 49.52.070.
¶ 5 On March 26, 2004, the employers paid each employee the difference between the wages received and the prevailing wage plus one percent interest per month on the unpaid wages.
¶ 6 Thereafter, the employers filed a motion for partial summary judgment, claiming their actions were not willful and they were thus not required to pay damages under RCW 49.52.070. Specifically, they claimed they were not required to pay damages because there was a bona fide dispute regarding whether the employees were entitled to the prevailing wage for the entire delivery cycle.
*3 ¶ 7 The employees filed a cross motion for summary judgment on both issues in the complaint: (1) whether they were entitled to the prevailing wage and (2) whether the failure to pay the wage was willful so they were entitled to damages. The employees further requested an award of fees and costs.
¶ 8 The court granted the employees' motion and denied that of the employers. It entered a judgment for the principal amount of wages, damages, and attorney fees and costs. This appeal follows.
¶ 9 The employers first claim the court erred by ruling on a moot issue. "A case is considered moot if there is no longer a controversy between the parties, if the question is merely academic, or if a substantial question no longer exists." Hough v. Stockbridge, 113 Wash.App. 532, 536, 54 P.3d 192 (2002), rev'd in part on other grounds, 150 Wash.2d 234, 76 P.3d 216 (2003). If a court can still provide effective relief, a case is not moot. Id. at 537, 54 P.3d 192. A court may also rule on a moot issue if it presents an issue of continuing and substantial public interest. In re Marriage of Horner, 151 Wash.2d 884, 891, 93 P.3d 124 (2004).
¶ 10 This case involved two issues: (1) whether the employees were entitled to the prevailing wage for delivery and load time and (2) whether they were entitled to damages under RCW 49.52.050 and RCW 49.52.070. When the summary judgment motions were heard, the employers had already admitted the employees were entitled to the prevailing wage and had paid it. By finding the employees were so entitled, the court ruled on a moot question. But the issue of the employers' willful failure to pay the prevailing wage prior to payment during the pendency of this action still remained. Although one issue was moot, the case was not.
¶ 11 The employers next claim the court erred by granting summary judgment to the employees. In reviewing an order of summary judgment, we engage in the same inquiry as the trial court and consider the evidence and all reasonable inferences from it in favor of the nonmoving party. Bishop v. Jefferson Title Co., 107 Wash.App. 833, 840-41, 28 P.3d 802 (2001), review denied, 145 Wash.2d 1025, 41 P.3d 483 (2002). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. at 841, 28 P.3d 802.
¶ 12 The employees sought damages under RCW 49.52.070. An employer who willfully and with the intent to deprive an employee of his or her wage is liable in a civil action by the employee for twice the amount of wages withheld by way of exemplary damages plus costs and reasonable attorney fees. RCW 49.52.050(2), .070.
¶ 13 The critical determination in these cases is whether the employer's failure to pay was willful. Schilling v. Radio Holdings, Inc., 136 Wash.2d 152, 159, 961 P.2d 371 (1998). There is no stringent test to determine willfulness. Flower v. T.R.A. Indus. ., 127 Wash.App. 13, 37, 111 P.3d 1192 (2005). Courts look to see if the failure to pay was volitional or that the employer "`knows what he is doing, intends to do what he is doing, and is a free agent.'" Id. (quoting Schilling, 136 Wash.2d at 160, 961 P.2d 371) (internal quotations omitted).
¶ 14 The employers acknowledged the drivers were not paid the prevailing wage because they did not believe the employees were entitled to it. This position would suggest the failure to pay the prevailing wage was willful.
¶ 15 But there are two situations in which the employers' failure to pay wages will be deemed not willful. One is if the employer was careless. Schilling, 136 Wash.2d at 160, 961 P.2d 371. The other is if there was a bona fide dispute between the employer and the employee regarding wages. Id. A bona fide dispute exists if the dispute is "`fairly debatable.'" Flower, 127 Wash.App. at 36, 111 P.3d 1192 (quoting Schilling, 136 Wash.2d at 161, 961 P.2d 371). These are narrow exceptions to the rule. Dep't of Labor & Indus. v. Overnite Transp. Co., 67 Wash.App. 24, 34, 834 P.2d 638 (1992), review denied, 120 Wash.2d 1030, 847 P.2d 481 (1993).
¶ 16 The employers claim a bona fide dispute existed because the application of the *4 prevailing wage to delivery drivers was uncertain until Superior 2. Resolution of this issue requires consideration of the Prevailing Wage Act, chapter 39.12 RCW.
¶ 17 RCW 39.12.020 requires employers pay employees the prevailing wage for work performed on a public works project. The act is remedial and should be construed liberally to effectuate the purpose of the statute. Superior 2, 112 Wash.App. at 297, 49 P.3d 135. The purpose of the act is to protect workers from substandard wages and to preserve local wages. Superior 1, 84 Wash.App. at 406, 929 P.2d 1120.
¶ 18 The Department enacted WAC 296-127-018 to describe the scope of the act as applied to the production and delivery of gravel, concrete, asphalt, and other similar materials to public works sites. Superior 2, 112 Wash.App. at 297, 49 P.3d 135. The regulation states that all workers are subject to the act when they deliver materials to public works sites and perform by spreading, leveling, rolling, or otherwise participating in the incorporation of the delivered materials to the work site. Id. at 297-98, 49 P.3d 135.
¶ 19 After the Department enacted WAC 296-127-018, Superior Asphalt sought declaratory and injunctive relief. Superior 1, 84 Wash.App. 401, 929 P.2d 1120. Superior Asphalt believed the Department was going to apply the regulation to tailgate deliveries.[1]Id. at 404, 929 P.2d 1120. It claimed the Department exceeded its authority in enacting the regulation and asked the court to invalidate it. Id. The court limited its review to determining whether the enactment of the regulation was lawful, stating that Superior Asphalt had not sought a ruling on whether tailgate deliveries were covered by the regulation. Id. The court upheld WAC 296-127-018. Id. at 410, 929 P.2d 1120. In doing so, the court recognized that the issue of whether tailgate deliveries were indeed covered under the regulation remained unresolved. Id.
¶ 20 After Superior 1, the Department issued notices of violation to Superior Asphalt and Western Asphalt for failing to pay the prevailing wage to employee truck drivers who delivered materials to public works sites using the tailgate or belly dump[2] method of delivering. Superior 2, 112 Wash.App. at 293-94, 49 P.3d 135. The drivers were paid the prevailing wage for wait time and delivery time, but not for load time and drive time. Id. at 295, 49 P.3d 135. The employers asserted the drivers were not entitled to the prevailing wage at all. Id. at 299, 49 P.3d 135.
¶ 21 The court disagreed and found the drivers did more than simply deliver materials. Id. Because of the manner in which the drivers dumped their loads, they were participating in the spreading of the materials onto the roadbed and thus eliminated a contractor's cost of paying the wage to a worker to move the materials to the area needed. Id. The workers were therefore entitled to the prevailing wage when they made their deliveries. Id. at 301, 49 P.3d 135.
¶ 22 With respect to load time and drive time, the focus was on the purpose for which the materials were delivered. Id. at 302, 49 P.3d 135. The drivers' services were directly related to the public works projects, but also critical to the completion of the projects. The court held that drivers were entitled to the prevailing wage for load time and drive time. Id. at 303, 49 P.3d 135.
¶ 23 The employers here claim that, until this decision, it was unclear if truck drivers were entitled to the prevailing wage rate for the entire delivery cycle to public works sites so they are not liable for damages. The employees respond that the dispute was between the employers and the Department and this narrow exception to RCW 49.52.070 does not apply.
*5 ¶ 24 A dispute existed until Superior 2 was decided. Before then, the issue was fairly debatable as evidenced by the authorities cited and arguments made by the employers. Division Two of this court even alluded to this dispute in Superior 1, 84 Wash.App. at 410, 929 P.2d 1120.
¶ 25 Washington's Prevailing Wage Act is based in part on the federal Davis-Bacon Act, 40 U.S.C. § 276a. Superior 2, 112 Wash.App. at 297, 49 P.3d 135. The Davis-Bacon Act does not apply to the delivery of materials. See Building & Constr. Trades Dep't, AFL-CIO v. United States Dep't of Labor Wage Appeals Bd., 932 F.2d 985, 992 (D.C.Cir.1991). The employers' position was tenable. A bona fide dispute existed and the exception applies. The employers' failure to pay the prevailing wage was not willful.
¶ 26 The employees nonetheless claim the dispute was not between the employer and the employee and the exception accordingly does not apply. They assert the dispute was between the employers and the Department. But the Department was taking its position on behalf of the employees. The Department has authority to bring an action under RCW 49.52.070 on behalf of employees. Overnite, 67 Wash.App. at 36-37, 834 P.2d 638. It stands in the shoes of employees and acts in a representative capacity on their behalf by virtue of its de jure authority under RCW 49.48.040(1)(b). Id. at 36, 834 P.2d 638. The distinction made by the employees is without a difference.
¶ 27 The trial court also ruled in favor of the employees based on its finding this case was analogous to Overnite, 67 Wash.App. at 35-37, 834 P.2d 638. But Overnite is distinguishable. There, the court determined the dispute was not bona fide because the employer's position lacked any merit. Id. at 35-56, 834 P.2d 638. The court noted Overnite's position was simply that federal cases had been wrongly decided and offered no authority to support its argument.
¶ 28 Here, until Superior 2 was decided, no court had squarely considered the question whether a driver was entitled to the prevailing wage for the delivery cycle. The employers in Superior 2 relied on federal law and had citations to support their argument. The fact that the court ultimately disagreed with their position does not mean there was no bona fide dispute. Overnite is not persuasive.
¶ 29 Because the exception applies, the court erred by determining the employers' actions were willful. The employers are therefore not liable for exemplary damages under RCW 49.52.050 or RCW 49.52.070. An award of attorney fees and costs under these statutes is thus improper. Moreover, no fees are available under RCW 49.48.030 because the employers admitted they owed the prevailing wage and paid it, albeit after this case was filed.
¶ 30 The order on summary judgment awarding the employees damages, attorney fees, and costs is reversed.
WE CONCUR: BROWN, J., and THOMPSON, J.P.T.
NOTES
[1] In a tailgate delivery, the driver delivers the material in a dump truck. The driver dispenses his load at certain locations at the site. He maneuvers his truck into position, raises the bed, and empties the load. The driver can control the flow of the materials. Superior 2, 112 Wash.App. at 294, 49 P.3d 135.
[2] In a belly dump delivery, the driver uses a truck equipped with a release gate on the bottom, or belly of the truck. The driver also controls the rate the materials are delivered. Superior 2, 112 Wash.App. at 294, 49 P.3d 135.