IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHELLE JOHNSON, | No. 87464-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| KELLY JACKSON, | UNPUBLISHED OPINION |
| Appellant. | |

BUI, J. — Kelly Schneider appeals the superior court commissioner's order granting Michelle Johnson's petition for an antiharassment protection order (AHPO) against her.[1] Schneider argues the AHPO is not supported by substantial evidence. But the AHPO has since expired and the appeal does not present an issue of continuing and substantial public interest, so we dismiss this appeal as moot.

## FACTS

On September 16, 2024, Schneider contacted police to report that her daughter Q.J. had been assaulted by two girls in the Chief Seath International High School parking lot on September 10, 2024. Schneider alleged that one of the girls approached Q.J. and then attacked her. The other girl, whom Schneider identified as Johnson's daughter A.J., joined in the attack, and the two girls

---

[1] The appellant is identified in the caption to this case as Kelly Jackson, but because she refers to herself as Kelly Schneider in her brief, we will do likewise.

punched and kicked Q.J. and pulled her hair. Schneider said that Johnson was present during the assault and prevented Q.J.'s friend from intervening to stop it.

Two days after Schneider filed the police report, Johnson petitioned the superior court for an AHPO protecting her and A.J. from Schneider. Johnson alleged Schneider is "drinking and driving by my house [and] texting [and] calling." In an attached declaration, Johnson claimed Schneider "called me and said she was going to F me up on [September] 15th then she said her and her ba[b]y dad was g[o]ing to kill me." Johnson submitted no other evidence in support of her petition. The superior court issued temporary orders and set a hearing for October 2, 2024.

Schneider filed a response to Johnson's petition. In an attached declaration, Schneider acknowledged she and Johnson "were both sending heated texts to one another," but denied calling Johnson on September 15 and asserted Johnson "was the only one" who made "threats of violence." Schneider submitted screen shots of the text messages and screen shots showing two calls from Johnson that Schneider did not answer.

On October 2, 2024, the superior court commissioner conducted a hearing at which both parties appeared pro se. At the conclusion of the hearing, the commissioner orally ruled that Johnson met her burden to demonstrate unlawful harassment and granted a one-year AHPO and order to surrender weapons. In the written order, under "Other Findings," the commissioner checked the boxes next to "Credible Threat: The restrained person represents a credible threat to the physical safety of the protected person/s" and "Other." After "Other," the

2

commissioner wrote: "The Court finds the Petitioner's testimony credible. The Court's oral ruling is incorporated by reference." The order states that it is "effective immediately" and expires on "October 2, 2025."

Schneider filed a motion for reconsideration and submitted new evidence, including the assault incident report, her Verizon cell phone call log showing no calls from Schneider to Johnson on September 15, 2024, and a letter from the prosecutor's office indicating that Johnson's daughter A.J. was found responsible for the assault. The commissioner denied Schneider's motion for reconsideration.

Schneider appeals.[2]

## ANALYSIS

Schneider argues the AHPO must be vacated because it is not supported by substantial evidence. But because the AHPO expired on October 2, 2025, we must decide whether her appeal is moot. "Generally, we will dismiss an appeal where only moot or abstract questions remain or where the issues raised in the trial court no longer exist." Price v. Price, 174 Wn. App. 894, 902, 301 P.3d 486 (2013). A case is not moot if we can still provide effective relief. Pentagram Corp. v. Seattle, 28 Wn. App. 219, 223, 622 P.2d 892 (1981).

As an exception to the mootness doctrine, we may decide issues of continuing and substantial public interest. Thomas v. Lehman, 138 Wn. App. 618, 622, 158 P.3d 86 (2007). In making this determination, we consider "(1) whether the issue is of a public or private nature; (2) whether an authoritative

---

[2] Johnson did not file a respondent's brief. "A respondent who elects not to file a brief allows [their] opponent to put unanswered arguments before the court, and the court is entitled to make its decision based on the argument and record before it." Adams v. Dep't of Labor & Indus., 128 Wn.2d 224, 229, 905 P.2d 1220 (1995).

determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur." In re Marriage of Horner, 151 Wn.2d 884, 892, 93 P.3d 124 (2004).

Schneider's briefing does not expressly address the matter of mootness, but she points out the AHPO places a continuing stigma on her record and reputation. In Hough v. Stockbridge, 113 Wn. App. 532, 54 P.3d 192 (2002), (reversed in part on other grounds by Hough v. Stockbridge, 150 Wn.2d 234, 76 P.3d 216 (2003)), the court held that an appeal from an expired AHPO was not moot because the court could still provide effective relief by cleansing the appellants' records and reputations of the stigma and because the district court's practice of issuing mutual restraining orders was an issue of public importance deserving of an authoritative determination. Hough, 113 Wn. App. at 536-37.

We acknowledge that an expired AHPO will typically create an ongoing stigma. But unlike Hough, we cannot say the matter presents an issue of continuing and substantial public interest. " 'The continuing and substantial public interest exception has been used in cases dealing with constitutional interpretation, the validity of statutes or regulations, and matters that are sufficiently important to the appellate court.' " In re the Welfare of C.W.M., 27 Wn. App. 2d 747, 754, 533 P.3d 1199 (2023) (quoting State v. Beaver, 184 Wn.2d 321, 331, 358 P.3d 385 (2015)). " 'This exception is not used in cases that are limited to their specific facts.' " C.M.W., 27 Wn. App. 2d at 754 (quoting Beaver, 184 Wn.2d at 331). Here, the question of whether the AHPO in this case was supported by substantial evidence is fact specific and private in nature, is not a

matter requiring guidance to public officers, and is unlikely to recur. We hold that this appeal is moot and that no exception to mootness applies. Accordingly, we dismiss the appeal as moot and deny Schneider's request for attorney fees.

Dismissed.

WE CONCUR: