220 P.3d 1259 (2009)
153 Wash.App. 384
Ronald J. COGDELL and Catherine L. Cogdell, husband and wife, Respondents,
v.
1999 O'RAVEZ FAMILY, LLC, a Washington limited liability company, Appellant.
No. 27133-1-III.
Court of Appeals of Washington, Division 3, Panel Ten.
December 3, 2009.
*1260 Joseph Paul Delay, Delay Curran Thompson Pontarolo & Walker, Spokane, WA, Michael S. Deleo, Eisenhower & Carlson PLLC, Tacoma, WA, for Appellant.
J. Gregory Lockwood, J. Gregory Lockwood PLLC, Spokane, WA, for Respondent(s).

PUBLISHED OPINION
BROWN, J.
¶ 1 Today, we hold the trial court abused its discretion by failing to do substantial justice when ordering an easement as an equitable remedy after finding respondents, Ronald J. Cogdell and Catherine L. Cogdell, encroached on land owned by appellant, the 1999 O'Ravez Family, LLC (O'Ravez). The easement permits the Cogdells' considerable encroachments to remain on the O'Ravez property without offsetting relief for O'Ravez. The Cogdells argue the trial court correctly decided their earlier bankruptcy discharge prevents compensation, but considering the bankruptcy court lifted its automatic stay to allow a final judgment and now both parties criticize the trail court's easement grant, we decide the trial court erred in not considering damages and ejectment or a forced sale of the disputed property. Accordingly, we vacate the easement and remand to the trial court with instructions to decide an equitable remedy.

FACTS
¶ 2 Most facts are unchallenged, and therefore, are verities on appeal. See Robel v. Roundup Corp., 148 Wash.2d 35, 42, 59 P.3d 611 (2002) (stating that "[u]nchallenged findings are verities on appeal.").
¶ 3 In 1994, the Cogdells purchased 80 acres in Stevens County, which they divided into four 20-acre parcels. O'Ravez purchased two of the Cogdells' parcels; the one in issue was acquired on January 4, 1997, by statutory warranty deed. The Cogdells retained one 20-acre parcel adjacent to the contested O'Ravez parcel. About the same time, the Cogdells began improving property near the boundary between the adjacent properties and completed construction of *1261 their wells, septic system, pool, and residence by fall 1997. The Cogdells did not obtain a survey before constructing their residence, assuming they were improving property they owned. The O'Ravez family did not know where the property lines were located. They asked the Cogdells to join in a survey to locate the boundary lines, but the Cogdells refused.
¶ 4 In February 2002, the Cogdells filed a Chapter 7 bankruptcy. In June 2002, the Cogdells were granted a discharge. O'Ravez was not mentioned in the bankruptcy.
¶ 5 In January 2004, O'Ravez obtained a survey showing the Cogdells' improvements were all constructed on the second O'Ravez parcel. O'Ravez unsuccessfully offered to purchase the Cogdells' improvements for $375,000, less their attorney fees. O'Ravez unsuccessfully offered in the alternative to convey title to the land upon which the encroachments were placed in exchange for an equal piece of the Cogdells' property so each party would retain a 20-acre parcel.
¶ 6 In 2005, the Cogdells sued O'Ravez for quiet title and equitable relief. Alternatively, the Cogdells asked the court to establish a true boundary. O'Ravez counterclaimed, for quiet title, ejectment, trespass, and breach of their statutory warranty deed. The Cogdells failed to responsively plead any affirmative defenses.
¶ 7 In August 2006, the Cogdells reopened their bankruptcy due to an unrelated matter.[1] In September 2007, the Cogdells listed O'Ravez as an unsecured non-priority creditor in the bankruptcy, causing the trial court to stay this case. The Cogdells moved the bankruptcy court to lift the 11 USC § 362 automatic stay to allow this case to proceed. The bankruptcy court ruled this case could proceed to final judgment, noting that the Cogdells claimed the property as exempt. The Cogdells and O'Ravez stipulated that the trial court stay should be lifted and the case tried.
¶ 8 Throughout the bench trial, O'Ravez maintained that due to the Cogdells' bankruptcy, any judgment, including their claimed $25,000 fair market value loss, would be uncollectable. The trial court rejected the Cogdells' boundary line recognition, express agreement, and common grantor theories, and reasoned no money damage remedy was available "because of bankruptcy." Clerk's Papers (CP) at 240.
¶ 9 The trial court concluded:
[The Cogdells] have breached their statutory warranties against defects in the title, which resulted in damages to the [O'Ravez family] in the sum of $3,500.00 for surveying expense, $2,000.00 for appraisal fees, and $35,000.00 for attorney's fees; and [the O'Ravez family's] real property has depreciated in value to the extent of $25,000.00.
CP at 246-47. Further, the court concluded O'Ravez was not entitled to a money judgment because of the Cogdells' bankruptcy. Instead the court ruled: "[the Cogdells] are entitled to an easement upon [the O'Ravez] real property ... with 30 feet of clearance around all the existing structures and well, along with an easement for egress and ingress to said structures." CP at 247. The court denied O'Ravez "a judgment for costs and disbursements herein incurred and for statutory attorney's fees, because of [the Cogdells'] bankruptcy proceedings." CP at 251.
¶ 10 The trial court found the Cogdells' "residence was listed [in the bankruptcy] at a value of $275,000.00 and the equity was claimed exempt." CP at 243. Noting that both parties could have been more zealous in getting a survey, the trial court found:
The Court has not been able to resolve in equity a land swap or a redefining of the lands that would compensate that would make sense.
The Court's lack of visual understanding of the land and being able to see a boundary line that would mark and carve out equivalent value of land that would transfer back to [the O'Ravez family] their 20 acres. Based on the testimony and the *1262 evidence, the Court couldn't visualize a reasonable or practical way to swap land.
CP at 240.
¶ 11 O'Ravez unsuccessfully moved for reconsideration. O'Ravez then appealed.

ANALYSIS[2]

A. Encroachment Remedy
¶ 12 The issue is whether, considering the range of encroachment remedies, the trial court erred in its equitable remedy by ordering an easement favoring the Cogdells without granting any offsetting relief to O'Ravez. The short answer is yes.
¶ 13 "When a trial court has weighed the evidence in a bench trial, appellate review is limited to determining whether substantial evidence supports its findings of fact and, if so, whether the findings support the trial court's conclusions of law." Hegwine v. Longview Fibre Co., 132 Wash.App. 546, 555, 132 P.3d 789 (2006). "Substantial evidence exists when there is a sufficient quantity of evidence to persuade a fair-minded, rational person that a finding is true." Id. at 555-56, 132 P.3d 789. Further, "[u]nchallenged findings [of fact] are verities on appeal." Robel, 148 Wash.2d at 42, 59 P.3d 611. Moreover, both "[q]uestions of law and conclusions of law are reviewed de novo." Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wash.2d 873, 880, 73 P.3d 369 (2003). And, "any conclusion of law erroneously denominated a finding of fact will be subject to de novo review." Robel, 148 Wash.2d at 43, 59 P.3d 611.
¶ 14 A court in equity has broad discretion to fashion a remedy to do substantial justice and end litigation. Hough v. Stockbridge, 150 Wash.2d 234, 236, 76 P.3d 216 (2003). Equity does not permit a wrong without a remedy. Crafts v. Pitts, 161 Wash.2d 16, 23, 162 P.3d 382 (2007). That is to say, equity must be applied in a meaningful manner. Arnold v. Melani, 75 Wash.2d 143, 152, 449 P.2d 800 (1968). Equity applications are reviewed for an abuse of discretion. See Willener v. Sweeting, 107 Wash.2d 388, 397, 730 P.2d 45 (1986). Accordingly, we review the trial court's grant of equitable relief to determine whether the remedy is based upon tenable grounds or tenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
¶ 15 "Generally, courts will order an encroacher to remove encroaching structures even though it is extraordinary relief." Proctor v. Huntington, 146 Wash.App. 836, 846, 192 P.3d 958 (2008) (citing Arnold, 75 Wash.2d at 152, 449 P.2d 800; Hanson v. Estell, 100 Wash.App. 281, 287-88, 997 P.2d 426 (2000)). However, an exception exists "where such an order would be oppressive." Id. at 847, 192 P.3d 958. For the exception to apply, the encroacher must prove the following elements by clear and convincing evidence:
(1) [H]e did not simply take a calculated risk or act in bad faith, or act negligently, willfully, or indifferently in locating the encroaching structure; (2) the damage to the landowner is slight and the benefit of removal equally small; (3) there is ample remaining room for a structure suitable for the area and there is no real limitation on the property's future use; (4) it is impracticable to move the encroaching structure as built; and (5) there is an enormous disparity in the resulting hardships.
Id. (citing Arnold, 75 Wash.2d at 152, 449 P.2d 800).
¶ 16 The unchallenged findings of fact and conclusions of law establish that the Cogdells' entire residence, a pool, and a well were constructed on the second parcel acquired by O'Ravez, thereby establishing the Cogdells' encroachment on the O'Ravez property. The trial court rejected the Cogdells' various theories seeking to avoid responsibility for the encroachment. The Cogdells did not cross-appeal.
¶ 17 The Cogdells argue "the trial court's decision [granting the easement] has created a situation which continues to create conflict." Resp't Br. at 26. Further, the Cogdells state "it is respectfully requested that the Court deny the [O'Ravez] appeal except for the issue of placing a jog in the mutual *1263 property line giving both parties 20 acres and the elimination of easements for improvements." Resp't Br. at 46. Thus, the Cogdells appear to concede that the easement was an inappropriate remedy. As explained below, we agree. Therefore, it is unnecessary to address the unconstitutional taking issue urged by O'Ravez.
¶ 18 In Proctor, the plaintiff and the defendants purchased adjacent parcels of land. Proctor, 146 Wash.App. at 840-41, 192 P.3d 958. They later discovered the defendants' home and other improvements were built entirely on the plaintiff's property. Id. at 840, 843, 192 P.3d 958. The plaintiff sued the defendants for, among other claims, ejectment. Id. at 843, 192 P.3d 958. The trial court denied the plaintiff's requests for ejectment and a mandatory injunction, "conclud[ing] that requiring the [defendants] to move their home and other improvements to another location would be oppressive, unduly costly, and inequitable" based on the five elements set forth above. Id. at 843-44, 192 P.3d 958. Instead, the trial court ordered the defendants to pay the plaintiff $25,000, to adjust the boundary line, which gave the defendants the property on which their house and improvements were located. Id. at 844, 192 P.3d 958. On appeal, the plaintiff challenged the trial court's failure to order the defendants to remove their encroachments. Id. at 846, 192 P.3d 958. The court found the trial court properly ruled that the exception to removal of encroaching structures applied. Id. at 847-51, 192 P.3d 958. The plaintiff also challenged the remedy of a forced sale. Id. at 851, 192 P.3d 958. In upholding this remedy, the court found that because the home and improvements were built entirely on the plaintiff's property, "an easement is not workable, and the trial court's boundary adjustment was an appropriate remedy." Id.
¶ 19 Here, like Proctor, the easement remedy was inappropriate; the Cogdells' improvements were built entirely on the O'Ravez parcel. See Proctor, 146 Wash.App. at 851, 192 P.3d 958. In essence, the easement rewarded the Cogdells for their encroachment without any counter-balancing equitable compensation for O'Ravez. Thus, in equity, the easement does not do substantial justice for O'Ravez. Hough, 150 Wash.2d at 236, 76 P.3d 216. Moreover, the easement alone permits a wrongful encroachment without a meaningful remedy. Crafts, 161 Wash.2d at 23, 162 P.3d 382; Arnold, 75 Wash.2d at 152, 449 P.2d 800. Because of uncertainty over the effect of the 2002 bankruptcy discharge, the trial court did not order the expected encroachment remedies, removal of the encroaching structures or a forced sale. See Proctor, 146 Wash.App. at 846-47, 851, 192 P.3d 958.
¶ 20 Given all, we conclude the trial court lacked tenable grounds or tenable reasons in ordering an easement. Accordingly, we vacate the easement and remand for the trial court to provide meaningful relief for the encroachment.

B. Attorney Fees and Costs on Appeal
¶ 21 The O'Ravez family asks for attorney fees and costs on appeal. "This court may award attorney fees on appeal only if authorized by contract, statute, or a recognized ground in equity." Forbes v. Am. Bldg. Maint. Co. W., 148 Wash.App. 273, 300, 198 P.3d 1042 (2009) (citing Bowles v. Dep't of Ret. Sys., 121 Wash.2d 52, 70, 847 P.2d 440 (1993)). Here, the O'Ravez family contends they are entitled to attorney fees on appeal based upon the breach of warranty of title, citing cases discussing an award of attorney fees for a breach of the warranty to defend and a breach of the warranty of seisin. See Mastro v. Kumakichi Corp., 90 Wash.App. 157, 164-166, 951 P.2d 817 (1998) (warranty to defend); Double L. Props., Inc., 51 Wash. App. at 155-158, 751 P.2d 1208 (warranty of seisin). However, neither warranty authorizes an award of attorney fees on appeal. Therefore, the O'Ravez family is not entitled to attorney fees and costs on this basis.
¶ 22 Easement vacated, and remanded for proceedings consistent with this opinion.
WE CONCUR: KULIK, A.C.J., and SWEENEY, J.
NOTES
[1] A Commissioner of this court granted the O'Ravez family's request to supplement the record with Exhibit A-1, a transcript of the bankruptcy court's hearing on the Cogdells' motion for an order lifting the automatic stay, and Exhibit B-1, the Cogdells' motion.
[2] O'Ravez contends the Cogdells failed to plead discharge as an affirmative defense. But here the bankruptcy discharge was tried by the express or implied consent of the parties. See, e.g., Bickford v. Seattle, 104 Wash.App. 809, 813-14, 17 P.3d 1240 (2001) (where affirmative defense tried by the express or implied consent).