IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| GREGG SMITH and KELLY SMITH, husband and wife, | ) ) ) | No. 74328-7-I |
| Respondents, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| LARRY L. PETERSON and SUSAN PETERSON, husband and wife and the marital community thereof, | ) ) ) ) ) | |
| Appellants. | ) | FILED: March 6, 2017 |

SCHINDLER, J. — This is the second appeal in this case. Larry and Susan Peterson appeal the trial court order directing them to remove, modify, or relocate a canopy on their dock that encroaches on the adjacent property of Gregg and Kelly Smith. Because the court abused its discretion by ordering the removal, modification, or relocation of the canopy without considering the equitable factors for encroachment, we reverse and remand.

The facts are set forth in our previous decision, Smith v. Peterson, 166 Wn. App. 1023, 2012 WL 432246, at *1, and will be repeated only as necessary. The Smiths and the Petersons own adjacent properties on Lake Washington in Bellevue. A dock is located near the two properties and extends west into Lake Washington. The dock has

an overhead canopy that extends north and south from both sides of the dock. The canopy consists of a metal roof supported by three wooden pilings on each side of the dock. The dock and the canopy have existed in this configuration for more than 50 years.

In a 2008 quiet title action, the Smiths and the Petersons claimed an ownership interest in the covered dock. Following a trial, the court concluded the dock and canopy belonged to the Petersons. But because the survey showed the northern portion of the canopy overhangs into the Smiths' property, the court concluded the three northern pilings supporting the dock canopy belonged to the Smiths.

In the first appeal, we affirmed the trial court's decision that (1) the Smiths had not acquired an ownership interest in the dock through mutual recognition and acquiescence, (2) presence of the canopy was insufficient to establish title to the underlying shorelands by adverse possession, and (3) the Petersons did not establish a prescriptive easement for use of the canopy. Smith, 2012 WL 432246, at *6-*7.

On July 28, 2015, the Smiths filed a "Motion To Enforce Judgment or in the Alternative To Modify Judgment Pursuant to CR 60." The Smiths sought an order allowing removal or modification of the pilings. The Smiths also sought an order directing the Petersons to "remove and/or modify their 'metal cover' so as not to interfere with the Smiths use and enjoyment of their property, or encroach further on the Smiths' property."

The court granted the Smiths' motion and ordered the Petersons to "remove," "modify," or "relocate" the canopy. The court's order states, in pertinent part:

> IT IS HEREBY ORDERED, ADJUDICATED and DECREED that plaintiff's motion is granted. The Court orders the Petersons to either (i)

2

remove, (ii) modify and/or (iii) relocate their metal covering or canopy on the northern covered moorage on or before June 1, 2016 so as to no longer rest on the Smith pilings and to no longer encroach or overhang upon the Smith's [sic] property.

If the Petersons do not (i) remove, (ii) modify and/or (iii) relocate the metal covering or canopy on the northern covered moorage by June 1, 2016, the Court further orders, that in compliance with its October 14, 2010 Judgment, the Smiths are permitted to remove and/or modify the pilings on their property without further interference by the Petersons.

Collateral Estoppel and Res Judicata

The Petersons argue collateral estoppel and res judicata bar the motion for an order to remove or modify the pilings and the order directing them to remove, modify, or relocate the canopy.[1]

We review de novo whether collateral estoppel or res judicata applies to bar an action. Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004); Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co., 175 Wn. App. 222, 227, 308 P.3d 681 (2013). Collateral estoppel applies where:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

Christensen, 152 Wn.2d at 307. Res judicata applies where the subsequent action involves "(1) the same subject matter, (2) the same cause of action, (3) the same persons or parties, and (4) the same quality of persons for or against whom the decision

---

[1] The Smiths filed a motion on the merits to affirm and submitted three declarations to this court in support of the motion. The Petersons filed a motion to strike the declarations under RAP 9.11(a) as evidence outside the record. A commissioner referred the motion to strike to the panel. Because the three declarations are not necessary for our review, we do not consider them and grant the motion to strike. Ha v. Signal Elec., Inc., 182 Wn. App. 436, 456, 332 P.3d 991 (2014).

is made as did a prior adjudication." Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011).

The party asserting collateral estoppel or res judicata bears the burden of establishing that the doctrine applies. Christensen, 152 Wn.2d at 307; Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004). Because the Petersons do not identify or address any of the elements of collateral estoppel or res judicata, they do not carry their burden of establishing that either collateral estoppel or res judicata applies. See also In re Recall of Washam, 171 Wn.2d 503, 515, 257 P.3d 513 (2011) (" 'We do not consider claims insufficiently argued by the parties.' ") (quoting State v. Ford, 137 Wn.2d 472, 477 n.1, 973 P.2d 452 (1999)); Duvall v. Nelson, ___ Wn. App. ___, 387 P.3d 1158, 1168 (2017) ("We will not consider an inadequately briefed argument.").

Law of the Case

The Petersons assert the court disregarded our decision in Smith and the law of the case by ordering them to remove, modify, or relocate the canopy.

Under the law-of-the-case doctrine, " 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " Pepper v. United States, 562 U.S. 476, 506, 131 S. Ct. 1229, 179 L.Ed.2d 196 (2011) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)); Musacchio v. United States, ___ U.S. ___, 136 S. Ct. 709, 716, 193 L. Ed. 2d 639 (2016); Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). "The doctrine 'expresses the practice of courts generally to refuse to reopen what has been decided,' but it does not 'limit [courts'] power.' " Musacchio, 136 S. Ct. at

4

716[2] (quoting Messenger v. Anderson, 225 U.S. 436, 444, 32 S. Ct. 739, 56 L. Ed. 1152 (1912)).

For the law-of-the-case doctrine to apply, " 'the issue in question must have been decided explicitly or by necessary implication in the previous disposition.' " Silva-Pereira v. Lynch, 827 F.3d 1176, 1190 (9th Cir. 2016) (quoting United States v. Lummi Nation, 763 F.3d 1180, 1185 (9th Cir. 2014)). Removal, modification, or relocation of the encroaching dock canopy were not issues decided in Smith.[3] Consequently, the law-of-the-case doctrine does not apply.[4]

Equitable Factors

The Petersons also contend the court erred by ordering them to remove, modify, or relocate the encroaching canopy without considering equitable factors that must be considered in an encroachment case. The Smiths do not respond to this argument.

A trial court sitting in equity has "tremendous discretion to fashion a remedy 'to do substantial justice to the parties and put an end to the litigation.' " Young v. Young, 164 Wn.2d 477, 488, 191 P.3d 1258 (2008) (quoting Esmieu v. Hsieh, 92 Wn.2d 530, 535, 598 P.2d 1369 (1979)). The trial court's equity power "is inherently flexible and fact-specific." Proctor v. Huntington, 169 Wn.2d 491, 503, 238 P.3d 1117 (2010). We review the trial court's exercise of its equitable authority for abuse of discretion. Sorenson v. Pyeatt, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006); In re Proceedings of

---

[2] Alteration in original.

[3] In Smith, footnote 10 mentions but does not otherwise address the trial court conclusion that "removal [of the canopy] would be wasteful and destructive." Smith, 2012 WL 432246, at *7 n.10.

[4] Because Smith affirmed the trial court's decision that "the Petersons did not establish a prescriptive easement for use of the canopy," we also reject the Petersons' argument that the order directing them to remove, modify, or relocate the canopy violated their easement rights. Smith, 2012 WL 432246, at *7 n.9.

5

<u>King County for the Foreclosure of Liens for Delinquent Real Prop. Taxes for the Years 1985 Through 1988, & Some Prior Years</u>, 123 Wn.2d 197, 204, 867 P.2d 605 (1994); <u>Recreational Equip., Inc. v. World Wrapps Nw., Inc.</u>, 165 Wn. App. 553, 559, 266 P.3d 924 (2011). "If the trial court's ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis, it necessarily abuses its discretion." <u>Dix v. ICT Grp., Inc.</u>, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

" 'Generally, courts will order an encroacher to remove encroaching structures even though it is extraordinary relief.' " <u>Cogdell v. 1999 O'Ravez Family, LLC</u>, 153 Wn. App. 384, 391, 220 P.3d 1259 (2009) (quoting <u>Proctor v. Huntington</u>, 146 Wn. App. 836, 846, 192 P.3d 958 (2008)); <u>Proctor v. Huntington</u>, 169 Wn.2d 491, 504, 238 P.3d 1117 (2010); <u>Arnold v. Melani</u>, 75 Wn.2d 143, 152, 449 P.2d 800 (1968). "However, an exception exists 'where such an order would be oppressive.' " <u>Cogdell</u>, 153 Wn. App. at 391 (quoting <u>Proctor</u>, 146 Wn. App. at 847); <u>Arnold</u>, 75 Wn.2d at 152.

In <u>Arnold</u>, the Washington Supreme Court held a court may refuse to enjoin an encroachment under certain circumstances.

> [A] mandatory injunction can be withheld as oppressive when . . . it appears . . . that: (1) The encroacher did not simply take a calculated risk, act in bad faith, or negligently, willfully or indifferently locate the encroaching structure; (2) the damage to the landowner was slight and the benefit of removal equally small; (3) there was ample remaining room for a structure suitable for the area and no real limitation on the property's future use; (4) it is impractical to move the structure as built; and (5) there is an enormous disparity in resulting hardships.

<u>Arnold</u>, 75 Wn.2d at 152.

The Supreme Court in <u>Proctor</u> states the "entire purpose of our pronouncement in <u>Arnold</u> was to show that injunctions should not mechanically follow from any encroachment." <u>Proctor</u>, 169 Wn.2d at 502. The Supreme Court held that when a court

is asked to eject an encroacher, it must "reason through the Arnold elements as part of its duty to achieve fairness between the parties." Proctor, 169 Wn.2d at 502-03.

Here, contrary to the Supreme Court's direction in Proctor, the court mechanically applied the Smiths' right to "the quiet enjoyment of their property" in concluding the Petersons must remove, modify, or relocate the canopy. Because the record shows the court did not consider the Arnold factors before ordering the Petersons to remove, modify, or relocate the encroaching canopy, we reverse and remand.[5]

WE CONCUR:

---

[5] The Smiths request attorney fees under RAP 18.9(a). Because an appeal is not frivolous where the appellant raises a debatable issue, we deny the request for attorney fees. Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 MAR -6 AM 9:08